1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHEPARD JOHNSON,

11          Plaintiff,                    No. CIV S-10-1968 GEB GGH PS

12      vs.

13   CHESTER MITCHELL, et al.,

14                                        ORDER
               Defendant.
15   _____/

16          Presently before the court are motions to set aside entry of default filed January

17   18, 2011, by defendants Catherine Mitchell, Chester Mitchell and David Miner.  Also pending is

18   plaintiff's motion for leave to file a second amended complaint, filed July 18, 2011.  These

19   motions were taken under submission without oral argument.  Most recently filed was a request

20   to set aside entry of default by defendant Hermanson on August, 8, 2011.  This filing does not

21   appear to have been served on plaintiff and is not in proper form; however, it will be addressed in

22   any event in order to lend efficiency to these proceedings.

23   BACKGROUND

24          Plaintiff initiated this action for malicious prosecution on July 23, 2010, and is

25   proceeding with the first amended complaint, filed October 28, 2010.  Plaintiff is a real estate

26   developer who claims that defendants purchased lots for a planned unit development on an island

1

1  in Panama.  Plaintiff alleges that defendants did not want to be subject to CC&Rs for the

2  development and so rather than settling the matter by way of a contract dispute, plaintiff claims

3  that defendants interfered with the development and plaintiff's livelihood by spreading deliberate

4  falsehoods, engaging in "wrongful conduct" to intimidate him, destroying his reputation and

5  business, disrupting relations with other lot owners, and discouraging prospective purchasers.

6  They also initiated criminal proceedings against him in the Panama courts which were later

7  dismissed, and which are the subject of plaintiff's malicious prosecution and conspiracy claims.

8  The complaint is based on diversity.

9          The underlying dispute, which was revealed by the Trustee in his earlier motion to

10  intervene and dismiss, is that certain lot owners, including defendants, claim that they purchased

11  lots on Isla Solarte, Panama, in the mid-1990s with the belief that plaintiff would provide the

12  promised infrastructure for developing a first class tropical resort on the land, but there had been

13  no progress on the infrastructure.  They claim they were not subject to CC&Rs because they

14  purchased their lots prior to the promulgation of any such CC&Rs.  Plaintiff instead demanded

15  that they sign a new purchase agreement and accept CC&Rs chosen by him at the time he was

16  preparing to transfer title to their lots.

17  DISCUSSION

18  I.  Motions to be Relieved of Entry of Default

19          A.  Defendants Catherine Mitchell, Chester Mitchell, and David Miner

20          After these motions by defendants Catherine Mitchell, Chester Mitchell and

21  David Miner were filed, the court issued an order on February 8, 2011, taking the motions under

22  submission without oral argument, denied plaintiff's request for extension of time in which to

23  move for default judgment, and informed the parties that no decision would be issued until after

24  the trustee's motion to intervene and dismiss had been decided.  (Dkt. # 54.)

25          Plaintiff then filed a request for clarification of the briefing schedule for these

26  motions, to which the court responded with an order dated February 16, 2011, directing that

1   "[p]laintiff's opposition to the motions to set aside entry of default, filed January 18, 2011, shall

2   be due within fourteen days of an order adopting or rejecting this court's findings and

3   recommendations disposing of the trustee's motions to intervene and to dismiss."  (Dkt. # 58.)

4   On May 13, 2011, before the district court's order adopting the April 25, 2011 findings and

5   recommendations, plaintiff filed a request for a continuance to file oppositions to the motions to

6   set aside entry of default, and requested oral argument on the motions.  (Dkt. # 64.)  On that date

7   plaintiff also filed a "notice of nonavailability," stating that he was unavailable from July 20,

8   2011 to August 20, 2011.[1]  (Dkt. # 65.)  In response to those filings, an order issued on June 1,

9   2011, which reminded plaintiff that the motions would not be entertained until there was a final

10  order adopting or rejecting the findings and recommendations.  Plaintiff's request for a

11  continuance was denied as not ripe and "without prejudice to its renewal after the district judge

12  rules on the findings and recommendations."  (Dkt. # 67.)  On June 7, 2011, this court's findings

13  and recommendations became final by the district court's order adopting them.  (Dkt. #68.)

14  Plaintiff did not renew his request for a continuance in which to file oppositions, and did not file

15  oppositions as required.  Thereafter, on July 26, 2011, the undersigned issued an order requiring

16  plaintiff to file oppositions within fourteen days of that order.  The court warned plaintiff that no

17  further extensions would be granted.  (Dkt. #73.)

18         Plaintiff has not filed oppositions to the motions.  Instead, he filed a motion for

19  leave to file a second amended complaint, which seems to indicate a willingness not to oppose

20  the motions to set aside entry of default.  In the motion, plaintiff states that he informed

21  defendant Miner's counsel that he would grant Miner an extension of time in which to file an

22  answer if and when the court grants his motion to file a second amended complaint, so that Miner

23  would be saved the time of answering the "first amended complaint and the second [sic]

24  amended complaint."  (Pl.'s Mot. at 2; Johnson Decl., ¶ 8 .)  Plaintiff also states in his motion

25

26         [1] Notices of unavailability are not recognized in this district court.

that he telephoned defendants Chester and Catherine Mitchell to request that they stipulate to his motion to amend; however, they did not return his call.  When he called them again, the person answering the phone informed him that the Mitchells do not live there.  (Id. at 2-3; Johnson Decl., ¶¶ 9, 10.)  In his motion for leave to amend, plaintiff contends that only two defendants would be inconvenienced by having to re-file an answer.  He further states that "because Katherine Mitchell and Chester Mitchell use David Miner's answer as their answer it's reasonable that they refile an answer anyway using their own words...."  (Pl.'s Mot. at 5.)

Based on plaintiff's representations set forth above, as well as his inaction following various orders, and his failure to finally oppose the motions to set aside entry of default, the defaults will be vacated.

Defendants' argument that service of process was improper has merit.  Fed. R. Civ. P. 4(e)(1) permits service of summons according to the state law where the district court is located.  Cal. Code Civ. Proc. 415.40 permits service on an individual located outside the state by "first class mail, postage prepaid, requiring a return receipt."  It appears that service was not properly effectuated in this manner.  Rather, service was effectuated only by certified mail with no return receipt.  See docket #s 7, 8, Ex. A.  Nevertheless, as defendants Catherine and Chester Mitchell have filed answers, they have waived any claim of lack of personal jurisdiction.  David Miner has not waived jurisdiction, however.  Therefore, plaintiff will be required to properly serve him with summons and the second amended complaint.  See discussion infra.

B.  Defendant Ford Hermanson

The request to set aside entry of default, filed by defendant Hermanson on August 8, 2011, will also be granted.  This defendant claims that the court served him at an address that he has not used since 2006.  Furthermore, he claims that the name on the amended complaint is listed as Ford Hermansen and his named is spelled, "Hermanson."  He also states he was not served with plaintiff's motion for leave to file a second amended complaint.  Based on plaintiff's statements in his motion to amend in regard to the other defendants, and his failure to oppose

their motions to set aside entry of default, the undesigned will assume that plaintiff has no intent to oppose defendant Hermanson's similar request.  Therefore, it will be granted.[2]

As to defendant Ford Hermanson's claim that he was not served properly, it does appear that service of process, in addition to failing to comply with Cal. Civ. Proc. 415.40, as discussed in the previous section, was made to an incorrect address.  (Dkt. # 7, Ex. A.) Therefore, plaintiff will be required to properly serve this defendant with summons and the second amended complaint, at his address of record listed in docket #77.  See discussion *infra*.

II.  Plaintiff's Motion for Leave to File Second Amended Complaint

Plaintiff seeks leave to file a second amended complaint, and has submitted a proposed second amended complaint with his motion.  He explains that he seeks to amend in order to add ten previously unnamed defendants, clarify that he is including a separate malicious prosecution cause of action for each of eight named defendants, remove legal authorities to simplify the complaint, and add details to the civil conspiracy cause of action.  Plaintiff urges the court to grant the motion because amendment will not cause undue delay in this case initiated on July 24, 2010.  Plaintiff is correct in that there has been no meet and confer or scheduling order; most defendants have not yet answered the complaint; and the parties have not engaged in discovery.  No party has opposed plaintiff's motion.  Therefore, it will be granted.

III.  Other Defendants

Aside from defendants Chester Mitchell, Catherine Mitchell, David Miner, and Ford Hermanson, who have moved to set aside their entries of default, other defendants need to be addressed.

A.  Defendants Kahler, Thomas, Lynch, and Tornga

The docket reflects that these defendants were served with the original complaint, and default was entered against them.  (Dkt. #s 7, 8, 24, 41.)  They have not moved to set aside

---

[2]  Defendant Hermanson is informed that the September 1, 2011 hearing was vacated from the calendar by order of August 3, 2011.

1 entry of default.  Plaintiff has included them as defendants in the second amended complaint.

2       For the same reasons found in which to set aside the motions for relief from

3 default, the court finds that plaintiff has no opposition to setting aside the default of defendants

4 Kahler, Thomas, Lynch and Tornga, despite the fact that they have not so moved.  Plaintiff

5 continues to name these defendants in his second amended complaint, and has shown all

6 indications of wishing to proceed against them in spite of their entries of default.  Therefore,

7 defaults against these defendants will be set aside.  As service of process against these defendants

8 was improper for the same reasons described above in regard to the other defendants, plaintiff is

9 directed to properly serve these defendants with process and the second amended complaint in

10 accordance with Fed. R. Civ. P. 4(e).

11      B.  New Defendants

12       In his second amended complaint, plaintiff has added several new defendants:

13 Rogelio Arosemena, Manual Berrocal, Patricia Hermanson, Todd Johnson, Viki Kiman, Michael

14 Mode, Lynn Yarrington, Peter Reinhold, Sarah Miner, Efim Shargorodsky, Elena Shargorodsky,

15 and Ann Wand.  These defendants were not named in any previous versions of the complaint.  As

16 these defendants have not been served with process, plaintiff will be ordered to effectuate service

17 of process on them.

18 CONCLUSION

19       All parties and prospective parties are warned that compliance with the Federal

20 Rules of Procedure and this court's orders are not optional.  In the future, non-compliance may

21 well result in sanctions or striking of inappropriately filed documents.  Moreover, amendments to

22 the complaint in this case are at an end.

23       Accordingly, IT IS ORDERED that:

24       1.  The motions to set aside entry of default filed on January 18, 2011 by

25 defendants Catherine Mitchell, Chester Mitchell, David Miner, and on August 8, 2011 by Ford

26 Hermanson, (dkt. #s 36, 38, 39, 77), are granted.

2.  Plaintiff's motion for leave to file a second amended complaint, filed July 18, 2011, (dkt. # 71), is granted.  The hearing on the motion to amend is vacated from the calendar for September 1, 2011.

3.  Plaintiff shall serve the second amended complaint on the defendants who have appeared, Chester Mitchell and Catherine Mitchell, within 28 days of this order. These defendants shall file a response to second amended complaint within 28 days of being served.

4.  Plaintiff shall complete proper service of process with the second amended complaint on defendants David Miner, Ford Hermanson, Julie Anne Kahler, Martha Thomas, James Lynch, and Sandra Tornga, Rogelio Arosemena, Manual Berrocal, Patricia Hermanson, Todd Johnson, Viki Kiman, Michael Mode, Lynn Yarrington, Peter Reinhold, Sarah Miner, Efim Shargorodsky, Elena Shargorodsky, and Ann Wand, in accordance with Fed. R. Civ. P. 4(e),within 60 days of this order.

DATED: August 22, 2011

_/s/ Gregory G. Hollows_____
UNITED STATES MAGISTRATE JUDGE

GGH:076/Johnson1968.amd.wpd