IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEPARD JOHNSON,

    Plaintiff,

vs.

CHESTER MITCHELL, et al.,

    Defendants.

No. CIV S-10-1968 GEB GGH PS

<u>ORDER</u>

        Plaintiff initiated this diversity action for malicious prosecution and civil conspiracy to commit malicious prosecution on July 23, 2010 and is currently proceeding with the corrected version of the second amended complaint filed on August 24, 2011.  (<u>See</u> Dkt. No. 80.)

        Before the court is plaintiff's motion for reconsideration to correct the record to reflect that defendants Martha Thomas and Sondra Tornga were properly served with process. (Dkt. No. 83.)  A hearing on this motion is currently scheduled for October 6, 2011.  Defendants Thomas and Tornga did not file an opposition to the motion.  Having reviewed the motion, the court determines that it is suitable for decision without oral argument.  The hearing set for October 6, 2011 is therefore vacated.

////

1  Also before the court are various letters submitted by defendants Ford Hermansen,
2 Viki Kiman, Efim Shargorodsky, and Elena Shargorodsky that purport to be answers and/or
3 motions to dismiss plaintiff's second amended complaint. (Dkt Nos. 82, 86, 90, 91.)
4  In light of the above-mentioned filings, the Court issues the following order.
5  <u>Plaintiff's Motion for Reconsideration</u>
6  Plaintiff contends that, contrary to the findings of the Court's August 23, 2011
7 order, defendants Martha Thomas and Sondra Tornga were properly served with process. As
8 such, plaintiff requests that he be relieved of the requirement to again serve them with process,
9 and instead be permitted to only serve the second amended complaint on these defendants. He
10 further requests that he be allowed to request an entry of default on defendants Thomas and
11 Tornga in the event they do not respond within 21 days of service of the second amended
12 complaint.
13  On August 23, 2011, the court issued an order directing plaintiff to complete
14 proper service of process on all named defendants (with the exception of defendants Chester and
15 Catherine Mitchell, who had already appeared) in accordance with Fed. R. Civ. P. 4(e) within 60
16 days of the order. (Dkt. No. 78.) The court held that plaintiff's service of process on the
17 defendants for which service had been attempted was improper. The court explained that Fed. R.
18 Civ. P. 4(e)(1) permits service of summons according to the state law where the district court is
19 located. Cal. Code Civ. Proc. 415.40 in turn permits service on an individual located outside the
20 state by "first class mail, postage prepaid, requiring a return receipt." Because the court found
21 that plaintiff only effectuated service by certified mail[1] *with no return receipt*, service was held to
22 be improper.
23  In his motion for reconsideration, plaintiff acknowledges that, with respect to

---

[1] Although Cal. Civ. Proc. Code § 415.40 technically states that a person must be served by "*first-class mail*, postage prepaid, requiring a return receipt," the related comment by the Judicial Council indicates that both registered and certified airmail, return receipt requested, meet this requirement.

2

defendant Martha Thomas, his process server failed to pay for the return receipt service when he served defendant Thomas with the complaint and summons by certified mail on October 29, 2010.  (See Declaration of Shepard Johnson in support of Plaintiff's Request for Reconsideration, Dkt. No. 83-1 ["Johnson Decl."] ¶ 2; see also Dkt. No. 7.)  However, he claims that the process server confirmed with the post office that the return receipt service could be requested and paid for later.[2]  (Johnson Decl. ¶ 2.)  According to plaintiff, his process server subsequently purchased a return receipt for defendant Thomas's certified mailing, and plaintiff received a return receipt indicating that defendant Thomas had signed and acknowledged receipt of the papers on November 1, 2010.  (Id. ¶¶ 4, 6, 7.)

As to defendant Tornga, plaintiff claims that she was served by certified mail postage and return receipt prepaid at her known address in Longmont, Colorado on December 16, 2010.  (Johnson Decl. ¶ 8.)  This is confirmed by the court's records.  (Dkt. No. 8.)  According to plaintiff, defendant Tornga filed a forwarding address with the U.S. Postal Service for an address in Florida, which was unknown to plaintiff at that time.  (Johnson Decl. ¶ 8.)  Nevertheless, plaintiff contends that defendant Tornga signed for and acknowledged receiving the forwarded certified mailing on January 12, 2011.  (Id. ¶ 9.)

Plaintiff lost the original return receipts for both defendants.  However, on August 29, 2011, plaintiff requested copies of the signed delivery receipts for defendants Thomas and Tornga from the U.S. Postal Service, which he attached to his declaration as exhibits.  (Johnson Decl. ¶ 11, Exs. A, B.)  The exhibits are letters from the U.S. Postal Service that include the date

---

[2] This statement appears to be confirmed by information on the United States Postal Services Website.  "A Return Receipt After Mailing (a.k.a. a Duplicate Return Receipt) provides the sender with a proof of delivery letter showing the date of delivery and image of the recipient's signature.  Duplicate return receipts are accepted by the courts and other authorities as proof that the article was delivered, and carry the same weight as an original return receipt....Requests for a Return Receipt After Mailing for Certified Mail...must be made within 2 years after the date of mailing."  (See http://faq.usps.com/eCustomer/iq/usps/request.do?create=%20kb:USPSFAQ; then click the "Add-On Services" link, then click the "Return Receipt (Domestic)" link.)

and time of delivery, the recipient's address, and the signature of the recipient.  These letters confirm that defendant Thomas signed for the complaint and summons on November 1, 2010 and that defendant Tornga signed for the complaint and summons on January 12, 2011.  Based on plaintiff's submissions, and because neither defendant Thomas nor defendant Tornga opposed plaintiff's motion, the court is satisfied that these defendants were properly served with process.

Accordingly, plaintiff will not be required to serve defendants Thomas and Tornga with process another time.  Plaintiff must, however, serve the second amended complaint on these defendants.  Additionally, because the other defendants who had previously appeared, Chester and Catherine Mitchell, were allowed to file a response to the second amended complaint within 28 days of being served, defendants Thomas and Tornga will also be allowed to file a response to the second amended complaint within *28 days* (and not 21 days) of being served.

Letters Submitted By Defendants Ford Hermansen, Viki Kiman, Efim Shargorodsky, and Elena Shargorodsky

Defendants Ford Hermansen, Viki Kiman, Efim Shargorodsky, and Elena Shargorodsky submitted letters to the district judge that simultaneously purport to be responses/answers to plaintiff's second amended complaint and requests/motions to be dismissed from the case.  (See Dkt Nos. 82, 86, 90, 91.)  The letters dispute plaintiff's allegations and essentially outline the various defendants' versions of the facts related to this case.  To the extent these letters can be construed as motions, they have not been noticed for hearing nor have they been served on plaintiff and other parties who have appeared in this action.

Procedural requirements serve an important function in the orderly conduct of litigation, and pro se litigants are expected to comply with procedural rules.  See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").  Thus, even though pleadings are liberally construed in their favor, pro se

4

1  litigants remain bound by the rules of procedure.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
2  1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986); see also American Ass'n of
3  Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000) (holding that pro se
4  litigants are not excused from knowing the most basic pleading requirements).  The Local Rules
5  further provide that failure to comply with the Federal and Local Rules are grounds for judgment
6  by default and other appropriate sanctions.  E.D. Cal. L.R. 183.

7       The court understands that procedural rules are complex and can be confusing.
8  Titling a document an "answer" or a "motion," however, is more than a mere formality.  Court
9  personnel as well as opposing counsel need certainty in characterizing, calendaring, and
10 responding to pending matters.  Unnecessary judicial resources are expended when an improperly
11 styled matter is presented to the Clerk for filing pursuant to an unorthodox procedure.  Neither
12 court personnel nor opposing counsel are prepared to construe or respond to filings which do not
13 comply with the federal and local rules.  Letters addressed to the court do not constitute proper
14 pleadings or motions in response to a complaint.  See Fed. R. Civ. P. 7.  Accordingly, to the
15 extent defendants' letters can be construed as motions to dismiss, they are denied without
16 prejudice.

17       In the event defendants intend to file an answer to plaintiff's second amended
18 complaint, they must comply with the requirements of Rule 8(b), (c), and (d) of the Federal Rules
19 of Civil Procedure.  Among other requirements, the answering party must "admit or deny the
20 allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1)(B).  "A denial must
21 fairly respond to the substance of the allegation.  A party that intends in good faith to deny all the
22 allegations of a pleading – including the jurisdictional grounds – may do so by a general denial.
23 A party that does not intend to deny all the allegations must either specifically deny designated
24 allegations or generally deny all except those specifically admitted.  A party that intends in good
25 faith to deny only part of an allegation must admit the part that is true and deny the rest.  A party
26 that lacks knowledge or information sufficient to form a belief about the truth of an allegation

must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(2)-(5). An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Furthermore, the answering party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). That includes any of the affirmative defenses listed in Fed. R. Civ. P. 8(c)(1), if applicable.

In the event defendants instead intend to file a motion to dismiss plaintiff's second amended complaint, they must comply with Rule 12 of the Federal Rules of Civil Procedure. Such a motion must be properly served on plaintiff and the other parties who have appeared in the action and noticed for hearing according to the requirements of Eastern District Local Rule 230. Available hearing dates can be obtained from the undersigned's courtroom deputy clerk at (916) 930-4199.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (dkt. no. 83) is submitted on the record without oral argument, and the hearing date of October 6, 2011 is vacated.

2. Plaintiff's motion for reconsideration (dkt. no. 83) is granted. No additional service of process on defendants Martha Thomas and Sondra Tornga is required. Plaintiff shall serve the second amended complaint on these defendants within 28 days of this order. Defendants Martha Thomas and Sondra Tornga shall file a response to the second amended complaint within 28 days of being served.

////
////
////
////
////
////

1  3. Defendants Ford Hermansen, Viki Kiman, Efim Shargorodsky, and Elena
2  Shargorodsky's "answers" and/or motions to dismiss (dkt. nos. 82, 86, 90, 91) are denied without
3  prejudice. These defendants shall file a response to plaintiff's second amended complaint within
4  28 days of this order.
5  DATED: September 26, 2011

          /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH:wvr
Johnson1968.mtd.reconsid.wpd