IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEPARD JOHNSON,

       Plaintiff,                     No. CIV S-10-1968 GEB GGH PS

      vs.

CHESTER MITCHELL, et al.,

       Defendants.              ORDER

/

        Plaintiff initiated this diversity action for malicious prosecution and civil conspiracy to commit malicious prosecution on July 23, 2010 and is currently proceeding with the second amended complaint filed on August 24, 2011. (See Dkt. No. 80.)

        Before the court is plaintiff's motion for leave to file a third amended complaint. (Dkt. No. 111.) A hearing on this motion is currently scheduled for November 10, 2011. No opposition to the motion was filed. Having reviewed the motion, the court determines that it is suitable for decision without oral argument. The hearing set for November 10, 2011 is therefore vacated.

        Also before the court are letters submitted by defendants Kahler and Tornga that purport to be answers and/or motions to dismiss plaintiff's second amended complaint. (Dkt. Nos. 102, 113.)

In light of the above-mentioned filings, the Court issues the following order.

<u>Motion for leave to file third amended complaint</u>

Plaintiff seeks leave to file a third amended complaint, and has submitted a proposed third amended complaint with his motion. Plaintiff proposes to add six additional defendants, remove his demand for a jury trial, and correct certain typographical errors. (See Motion for Leave to File Third Amended Complaint, Dkt. 111 ["Mot."] ¶ 12.)

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003). Generally, "leave shall be freely given when justice so requires" and this policy is "to be applied with extreme liberality." <u>Id.</u> However, leave to amend is not without limits. Courts consider four factors in deciding whether to permit amendment: (1) bad faith on the part of the plaintiff; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. <u>Lockheed Martin Corp. v. Network Solutions, Inc.</u>, 194 F.3d 980, 986 (9th Cir. 1999).

In his motion, plaintiff acknowledges that the court previously indicated that "amendments to the complaint in this case are at an end." (Dkt. No. 78, at p. 6.) However, plaintiff explains that after he filed the second amended complaint, defendant Ford Hermanson filed a purported motion to dismiss, which included an e-mail from defendant Miner to various persons that were involved in filing criminal complaints against plaintiff in Panama. (Dkt. No. 82, at pp. 51-52.) This e-mail alerted plaintiff to the names of additional alleged conspirators, which plaintiff now seeks to add as defendants. This newly discovered information is sufficient to overcome the court's reluctance to allow another amendment to the complaint. There is no indication that plaintiff was acting in bad faith, with undue delay, or that the proposed amendment would be futile. Moreover, there has been no meet and confer or scheduling order and the parties have not engaged in discovery. No opposition to plaintiff's motion was filed. Therefore, it will be granted. That said, as plaintiff himself acknowledges, the case needs to

move forward, and leave to amend based on this newly discovered information should not be construed as a license for further amendments.

Plaintiff will be required to file and serve the third amended complaint on the defendants who have already been served with process within fourteen (14) days of the date of service of this order.  Those defendants will be required to respond to the third amended complaint within 21 days of being served.  However, defendants who have already answered the second amended complaint (defendants Ford Hermanson, Patricia Hermanson, James Lynch, David Miner, Sarah Miner, Todd Johnson, Efim Shargorodsky, Elena Shargorodsky, Chester Mitchell, and Catherine Mitchell) will not be required to file another answer to the third amended complaint.  Unless they elect to amend their answers, their prior answers will be deemed to be answers to plaintiff's third amended complaint.

Plaintiff will also be required to complete proper service of process with the third amended complaint on defendants who have not yet been served with process, including the additional defendants to be added (Smith, Cohen, Fine, Parsons, Hamond, and the Solarte Inn Corporation), within 28 days of the date of service of this order.  Those defendants will be required to respond to the third amended complaint within 21 days of being served.[1]

Letters submitted by defendants Kahler and Tornga

On September 26, 2011, defendant Julie Anne Kahler filed a "Request for Julie Kahler's Dismissal from Shephard Johnson's Complaint." (Dkt. No. 102.) Also, on October 12, 2011, defendant Sandra Tornga filed a response to and request for dismissal of plaintiff's complaint. (Dkt. No. 113.) These documents are essentially letters to the district judge outlining these defendants' versions of the facts related to this case.  To the extent the letters can be construed as motions to dismiss, they have not been noticed for hearing nor have they been

---

[1] It is the court's understanding that plaintiff will dismiss the additional action filed on October 5, 2011 (2:11-CV-2629-KJM-CKD) in light of plaintiff being given leave to amend his complaint and add the additional defendants in the instant case.

served on plaintiff or the other parties who have appeared in this action.

Procedural requirements serve an important function in the orderly conduct of litigation, and pro se litigants are expected to comply with procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Thus, even though pleadings are liberally construed in their favor, pro se litigants remain bound by the rules of procedure. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000) (holding that pro se litigants are not excused from knowing the most basic pleading requirements). The Local Rules further provide that failure to comply with the Federal and Local Rules are grounds for judgment by default and other appropriate sanctions. E.D. Cal. L.R. 183.

The court understands that procedural rules are complex and can be confusing. Titling a document a "motion," however, is more than a mere formality. Court personnel as well as opposing counsel need certainty in characterizing, calendaring, and responding to pending matters. Unnecessary judicial resources are expended when an improperly styled matter is presented to the Clerk for filing pursuant to an unorthodox procedure. Neither court personnel nor opposing counsel are prepared to construe or respond to filings which do not comply with the federal and local rules. Letters addressed to the court do not constitute proper pleadings or motions in response to a complaint. See Fed. R. Civ. P. 7. Accordingly, to the extent defendants Kahler and Tornga's letters can be construed as motions to dismiss, they are denied without prejudice.

In the event defendants Kahler and Tornga intend to file answers to plaintiff's complaint, they must comply with the requirements of Rule 8(b), (c), and (d) of the Federal Rules of Civil Procedure. Among other requirements, the answering party must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). "A denial must

fairly respond to the substance of the allegation.  A party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a general denial.  A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.  A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.  A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(2)-(5).  An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).  Furthermore, the answering party must "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1)(A).  That includes any of the affirmative defenses listed in Fed. R. Civ. P. 8(c)(1), if applicable.

In the event defendants Kahler and Tornga instead intend to file motions to dismiss plaintiff's complaint, they must comply with Rule 12 of the Federal Rules of Civil Procedure.  Such a motion must be properly served on plaintiff and the other parties who have appeared in the action and noticed for hearing according to the requirements of Eastern District Local Rule 230.  Available hearing dates can be obtained from the undersigned's courtroom deputy clerk, Valerie Callen, at (916) 930-4199.

As discussed above, plaintiff will be required to serve the third amended complaint on the defendants who have already been served with process, including defendants Kahler and Tornga, within fourteen (14) days of the date of service of this order.  Defendants Kahler and Tornga will be required to file a proper response to the third amended complaint within 21 days of being served with the third amended complaint.

Status Conference/Status Reports

To lend efficiency to these proceedings, the court will set a status conference in this matter for January 26, 2012.  The parties shall confer as soon as practicable pursuant to Fed.

R. Civ. P. 26(f) and file a status report(s) no later than January 12, 2012.  The filing of a joint status report is strongly encouraged.  The parties' report(s) should briefly describe the case and address:

 (a) Progress in serving process;

 (b) Possible joinder of additional parties;

 (c) Expected or desired amendment of pleadings;

 (d) Jurisdiction and venue;

 (e) Anticipated motions and their scheduling;

 (f) The report required by Rule 26 outlining the proposed discovery plan and its scheduling, including initial disclosures and disclosure of expert witnesses;

 (g) The potential for utilizing collective discovery responses in lieu of individual responses in light of the number of parties involved;

 (h) Cut-off dates for discovery and law and motion, and dates for the pretrial conference and trial;

 (i) The potential appointment of defense lead counsel;

 (j) Special procedures, if any;

 (k) Estimated trial time;

 (l) Modification of standard pretrial procedures due to the simplicity or complexity of the proceedings;

 (m) Whether a case is related to any other case, including bankruptcy;

 (n) Whether a settlement conference should be scheduled;

 (o) Any other matters that may add to the just and expeditious disposition of this matter.

 After the status conference, the court will issue a scheduling order pursuant to Fed. R. Civ. P. 16(b).

\\\\

Discovery

All discovery in this matter will be stayed until the status conference has taken place.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. The November 10, 2011 hearing on plaintiff's motion for leave to file a third amended complaint is vacated.

2. Defendants Kahler and Tornga's answers and/or motions to dismiss (dkt. nos. 102, 113) are denied without prejudice.

3. Plaintiff's motion for leave to file a third amended complaint (dkt. no. 111) is granted.

4. Plaintiff shall file and serve the third amended complaint on the defendants who have already been served with process within fourteen (14) days of the date of service of this order. Those defendants, including but not limited to defendants Kahler and Tornga, shall respond to the third amended complaint within 21 days of being served. However, defendants who have already answered the second amended complaint (defendants Ford Hermanson, Patricia Hermanson, James Lynch, David Miner, Sarah Miner, Todd Johnson, Efim Shargorodsky, Elena Shargorodsky, Chester Mitchell, and Catherine Mitchell) will not be required to file another answer to the third amended complaint. Unless they elect to amend their answers, their prior answers will be deemed to be answers to plaintiff's third amended complaint.

5. Plaintiff shall complete proper service of process with the third amended complaint on defendants who have not yet been served with process, including the additional defendants to be added (Smith, Cohen, Fine, Parsons, Hamond, and the Solarte Inn Corporation), within 28 days of the date of service of this order. Those defendants shall respond to the third amended complaint within 21 days of being served.

\\\\

1    6. A status conference in this matter is set for January 26, 2012 at 10 a.m.  The parties shall confer as soon as practicable pursuant to Fed. R. Civ. P. 26(f) and file a status report(s) in accordance with this order no later than January 12, 2012.  After the status conference, the court will issue a scheduling order pursuant to Fed. R. Civ. P. 16(b).

7. All discovery in this matter is stayed until the court's status conference has taken place.

DATED: November 3, 2011

          /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Johnson.1968.mtn.amend2.wpd