IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEPARD JOHNSON,

    Plaintiff,                   No. CIV S-10-1968 GEB GGH PS

    vs.

CHESTER MITCHELL, et al.,

                                ORDER

    Defendants.

_____/

        Plaintiff first initiated this diversity action against numerous defendants for malicious prosecution and civil conspiracy to commit malicious prosecution on July 23, 2010 and is currently proceeding with the third amended complaint filed on November 6, 2011.  (See Dkt. No. 119.)

        Plaintiff, a citizen of California, is a real estate developer who claims that the defendants purchased lots for a planned unit development on an island in Panama.  (See Third Amended Complaint, Dkt. No. 119 ["TAC"] at 2-3.)  Plaintiff alleges that defendants did not want to be subject to the Conditions, Covenants, and Restrictions ("CC&Rs") for the development, and so rather than settling the matter by way of a contract dispute, defendants "banded together and launched a barrage of deliberate falsehoods, and engaged in wrongful

1

1  conduct...aimed at upsetting and intimidating him, destroying his reputation and business,
2  disrupting relations with other lot owners, and discouraging prospective purchasers. (TAC at 3-
3  4.)  Defendants also allegedly initiated criminal proceedings against him in the Panama courts
4  which were purportedly later dismissed, and which are the subject of plaintiff's malicious
5  prosecution and conspiracy claims.  (TAC at 4-6.)
6      On December 8, 2011, defendant Martha Thomas filed a motion to dismiss
7  plaintiff's third amended complaint for lack of personal jurisdiction, currently noticed for hearing
8  on February 9, 2012.  (Dkt. Nos. 131, 141.)  In response to that motion, plaintiff filed a motion
9  for leave to conduct jurisdictional discovery, or in the alternative a 30-day extension to respond
10  to defendant Thomas's motion to dismiss, which came on regularly for hearing on January 26,
11  2012. (Dkt. No. 143.)  A status conference in this matter was also set for and conducted on that
12  same date.  (Dkt. No. 118.)
13      At the hearing on plaintiff's motion for jurisdictional discovery and the status
14  conference, plaintiff appeared pro se, John Cantor appeared via telephone on behalf of defendant
15  Martha Thomas, Kelly Pope appeared on behalf of defendants David Miner and Sarah Miner,
16  Gary Smith appeared on behalf of defendants Michael Mode and Lynn Yarrington, and Elizabeth
17  Norris appeared on behalf of defendants Todd Johnson, Viki Kiman, Efim Shargorodsky, and
18  Elena Shargorodsky.  After consideration of the papers in support of and in opposition to
19  plaintiff's motion, the parties' status reports, and the parties' oral arguments, the court now
20  issues the following order.
21      <u>Federal Subject Matter Jurisdiction</u>
22      Even if a party does not question the court's subject matter jurisdiction, the court
23  is required to raise and address the issue sua sponte.  See <u>FW/PBS, Inc. v. City of Dallas</u>, 493
24  U.S. 215, 230-31 (1990) ("The federal courts are under an independent obligation to examine
25  their own jurisdiction....").  Here, in the joint status report, defendants specifically indicated that
26  they dispute federal subject matter jurisdiction based on the presence of U.S. citizen defendants

residing abroad.

The United States Supreme Court held that United States citizens domiciled in a foreign country cannot be parties to a diversity action in federal court. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828-29 (1989). In Newman-Green, Inc., an Illinois corporation brought a state-law contract action in federal district court against a Venezuelan corporation, four Venezuelan citizens, and William L. Bettison, a United States citizen domiciled in Venezuela. Id. at 828. The U.S. Supreme Court explained that Bettison's presence destroyed complete diversity in the action:

> In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State...The problem in this case is that Bettison, although a United States citizen, has no domicile in any State. He is therefore "stateless" for purposes of § 1332(a)(3). Subsection 1332(a)(2), which confers jurisdiction in the District Court when a citizen of a State sues aliens only, also could not be satisfied because Bettison is a United States citizen. When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal...Here, Bettison's "stateless" status destroyed complete diversity under § 1332(a)(3), and his United States citizenship destroyed complete diversity under § 1332(a)(2).

Id. at 828-29 (emphasis in original).

In this case, plaintiff alleged that "defendant Maurine E. Smith is a citizen of the United States and resides in the Republic of Panama, defendant Judith A. Cohen is a citizen of the United States and resides in the Republic of Panama, defendant Susan Fine is a citizen of the United States and resides in the Republic of Panama and possibly the state of Oregon." (TAC at 2-3.) These Panama-based U.S. citizen defendants were only named as defendants after plaintiff most recently amended his complaint. (Compare Dkt. Nos. 80 and 119.)

Generally, "a person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely...." Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986). A person residing in a

given state is not necessarily domiciled there. Id. at 750. For example, a person may be residing in a particular country temporarily for a specific purpose, such as a temporary work assignment. Here, however, the language of plaintiff's complaint can only be fairly construed as asserting that the above-mentioned defendants (at least Smith and Cohen) are residing in Panama indefinitely. Indeed, plaintiff alleges no facts suggesting that defendants (at least Smith and Cohen) are only in Panama on a temporary basis and intend to return to the United States. This is particularly significant in light of the fact that the party asserting diversity jurisdiction – plaintiff – bears the burden of alleging and proving jurisdiction. Id. at 749.

Therefore, it would appear that these U.S. citizen defendants in Panama destroy complete diversity. Without complete diversity, this court has no subject matter jurisdiction. Thus, the court indicated that plaintiff may have to dismiss the U.S. citizens domiciled abroad to cure the jurisdictional defects[1] or dismiss the action and pursue his claims in state court.

At the status conference, plaintiff requested an opportunity to research and further brief the issue of subject matter jurisdiction. In light of this request, the court will grant plaintiff until **February 16, 2012** to:

(a) file a brief, limited to 10 pages, addressing the propriety of subject matter jurisdiction in this case, or

(b) move to dismiss the U.S. citizens domiciled abroad pursuant to Fed. R. Civ. P. 21. Any other party may also file a brief, limited to 10 pages, concerning subject matter jurisdiction by February 16, 2012.

While the issue of subject matter jurisdiction remains unsettled, the court will nevertheless address a few other scheduling issues raised at the conference in the interests of moving the case along in the interim.

---

[1] The court may, in the absence of prejudice to the other parties, dismiss dispensable nondiverse parties pursuant to Fed. R. Civ. P. 21 to cure the jurisdictional defects. Newman-Green, Inc., 490 U.S. at 833, 837-38.

Personal Jurisdiction

As discussed above, defendant Thomas's motion to dismiss for lack of personal jurisdiction is currently noticed for hearing on February 9, 2012. (Dkt. No. 141.) The court will vacate that hearing and grant plaintiff an opportunity to respond to the motion by **February 16, 2012.** If plaintiff elects to oppose the motion, the opposition brief shall set forth any facts and/or evidence plaintiff *currently* has showing that this court may exercise specific personal jurisdiction over defendant Thomas. Defendant Thomas may file a reply brief to any opposition by **February 23, 2012**, after which the motion will be submitted on the record without oral argument. Plaintiff's pending motion for jurisdictional discovery regarding defendant Thomas is taken under submission.

According to the joint status report, several other defendants also intend to file motions to dismiss for lack of personal jurisdiction. Because the court determines that hearing all these additional motions together would promote efficiency and judicial economy, any motion to dismiss for lack of personal jurisdiction shall be filed by **March 22, 2012** and noticed for hearing on **April 19, 2012** at 10:00 a.m. before the undersigned. Briefing deadlines shall be in accordance with E.D. Cal. L.R. 230.

The court notes that defendant Ford Hermansen has already filed a motion to dismiss for lack of personal jurisdiction on January 23, 2012, noticed for hearing on February 23, 2012. (Dkt. Nos. 151, 152.) The court will vacate that hearing and re-set the motion for hearing on **April 19, 2012.** The briefing deadlines pursuant to E.D. Cal. L.R. 230 will be based on this new hearing date.

Service of Process

According to the joint status report, all named parties have been served with process, except for defendants Rogelio Arosemena, Manuel Berrocal, Peter Reinhold, Ann Michelle Wand, Maurine E. Smith, Susan Fine, Kim Parsons, and Solarte Inn Corporation. Based on a review of the docket, it appears that defendant Wand has already been served with

5

process given that she filed an answer.  (See Dkt. No. 123.)

In its November 3, 2011 order, the court directed plaintiff to complete service of process within 28 days.  (Dkt. No. 118 at 3.)  Plaintiff indicated that he attempted to serve the above-mentioned defendants via US mail and electronic mail, but that they have not returned an acknowledgement of receipt.  Plaintiff has not indicated what further efforts were made to complete service pursuant to Fed. R. Civ. P. 4.  Therefore, plaintiff will be required to show cause in writing by **February 16, 2012** why the above-mentioned defendants (except defendant Wand) should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to follow court orders.  In this regard, plaintiff must submit a declaration outlining the specific efforts made to locate and serve these defendants.

Miscellaneous

Discovery in this matter will remain stayed pending final resolution of the issue of subject matter jurisdiction, as well as any motions to dismiss for lack of personal jurisdiction, after which the court may set a further status conference to schedule appropriate deadlines in this matter, if appropriate.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED THAT:

1. Plaintiff shall either (a) file a brief, limited to 10 pages, addressing the propriety of subject matter jurisdiction in this case, or (b) move to dismiss the U.S. citizen defendants domiciled abroad pursuant to Fed. R. Civ. P. 21, no later than February 16, 2012.  Any other party may also file a brief, limited to 10 pages, concerning the issue of subject matter jurisdiction by February 16, 2012.

2. The February 9, 2012 hearing on defendant Martha Thomas's motion to dismiss (dkt. no. 131, 141) is vacated.  Plaintiff shall file a response to the motion no later than February 16, 2012.  Defendant Thomas may file a reply by February 23, 2012, after which the motion will be submitted on the record without oral argument.

3. Plaintiff's motion for jurisdictional discovery regarding defendant Thomas (dkt. no. 143) is taken under submission.

4. The February 23, 2012 hearing on defendant Ford Hermansen's motion to dismiss for lack of personal jurisdiction (dkt. nos. 151, 152) is vacated. The hearing on that motion is re-set for April 19, 2012 at 10:00 a.m. before the undersigned. The briefing deadlines pursuant to E.D. Cal. L.R. 230 will be based on this new hearing date.

5. Any other defendants intending to file a motion to dismiss for lack of personal jurisdiction shall file such a motion by March 22, 2012 and notice it for hearing on April 19, 2012 at 10:00 a.m. before the undersigned. Briefing deadlines shall be in accordance with E.D. Cal. L.R. 230.

6. No later than February 16, 2012, plaintiff shall show cause in writing why defendants Rogelio Arosemena, Manuel Berrocal, Peter Reinhold, Maurine E. Smith, Susan Fine, Kim Parsons, and Solarte Inn Corporation should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute and follow court orders.

7. Discovery in this matter will remain stayed pending final resolution of the issue of subject matter jurisdiction, as well as any motions to dismiss for lack of personal jurisdiction, after which the court may set a further status conference to schedule deadlines in this matter, if appropriate.

DATED: January 27, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Johnson.1968.status.wpd