IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEPARD JOHNSON,

    Plaintiff,                  No. CIV S-10-1968 GEB GGH PS

    vs.

CHESTER MITCHELL, et al.,

                               ORDER

    Defendants.

_____/

          On March 15, 2012, plaintiff filed a "Request for Reconsideration and Clarification Regarding Court's Order Regarding Electronic Filing, Item 4, Document 169." (Dkt. No. 170.)  That order stated, in part, that:

> Plaintiff's future filings are limited as follows: plaintiff shall have no more than one motion pending on the court's docket at any given time (exclusive of motions brought by other parties), unless otherwise ordered by the court.  Any memorandum of points and authorities in support of or in opposition to a motion shall be no longer than 25 pages with a font size of 12 Times New Roman (or equivalent font) and shall not include single spacing except for block quotes.  Any filings exceeding these limitations will be stricken.  Further excessive filing (in number or volume) will result in revocation of plaintiff's electronic filing privileges.

(Dkt. No. 169 at 29.)  Plaintiff requests the court to confirm that the "one motion pending"

1

limitation does not include: (a) plaintiff's motions in response to motions filed by other parties, such as a motion for leave to conduct jurisdictional discovery or a request for a continuance; (b) plaintiff's motions relating to service of process (e.g. motions for leave to effect service of process by publication or e-mail) in light of the court's previous March 2, 2012 order to complete service of process within 60 days; and (c) other types of administrative requests, such as a request for leave to file an additional motion.

The court clarifies its prior order as follows. The "one motion pending" limitation shall not include any opposition brief plaintiff files in regard to a motion filed by another party, nor shall it include any motion plaintiff files that is *integrally related* to another party's motion.[1] However, plaintiff is cautioned that the court will carefully scrutinize whether such a motion is truly integrally related to another party's motion.

Additionally, the "one motion pending" limitation shall not apply to any motions relating to service of process or to purely administrative-type motions, such as a request for continuance or a request for leave to file an additional motion. However, any request for leave to file an additional motion shall briefly, in <u>no more than 5 pages</u>, summarize the reasons why an additional motion over and above the "one motion pending" limit is necessary, and plaintiff shall not file the actual additional motion until the court has granted leave to file such a motion by order.

Finally, plaintiff suggests that he is willing to file additional motions in person or by mail if necessary. Plaintiff misunderstands the spirit of the court's prior order. It is not the electronic filing itself that is burdensome to the court, but instead plaintiff's excessive filings in both number and volume. Accordingly, plaintiff is put on notice that, <u>regardless of whether filings are made electronically or otherwise</u>, any excessive filings in number or volume will be

---

[1] For example, if a defendant files a motion to dismiss for lack of personal jurisdiction, a motion for leave to conduct jurisdictional discovery regarding that defendant filed by plaintiff would be integrally related to that defendant's motion and would not count towards the "one motion pending" limitation.

1 stricken.

2    Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED THAT
3 plaintiff's request for reconsideration and clarification (dkt. no. 170) is granted in part on the
4 terms outlined in this order.

5 DATED: March 16, 2012

            /s/ Gregory G. Hollows
6           UNITED STATES MAGISTRATE JUDGE

GGH/wvr
7 Johnson.1968.clarif.wpd