IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEPARD JOHNSON,

           Plaintiff,                    No. CIV S-10-1968 GEB GGH PS

   vs.

CHESTER MITCHELL, et al.,

                               ORDER

           Defendants.

_____/

        On March 2, 2012, this court ordered plaintiff to complete service on all defendants within 60 days.  (Dkt. No. 169.)  Subsequently, on March 20, 2012, plaintiff filed a motion for leave to serve defendant Kim Parsons with process by publication pursuant to Fed. R. Civ. P. 4(e)(1) and Cal. Civ. Proc. Code § 415.50.  (Dkt. No. 173.)

        A plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In California, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom

1  service is to be made or he or she is a necessary or proper party to the action...."  Cal. Civ. Proc.

2  Code § 415.50(a).

3       California's service by publication statute further provides that:

4      The court shall order the summons to be published in a named
   newspaper, published in this state, that is most likely to give actual
5  notice to the party to be served.  If the party to be served resides or
   is located out of this state, the court may also order the summons to
6  be published in a named newspaper outside this state that is most
   likely to give actual notice to that party.  The order shall direct that
7  a copy of the summons, complaint, and the order for publication be
   forthwith mailed to the party if his or her address is ascertained
8  before expiration of the time prescribed for publication of the
   summons.  Except as otherwise provided by statute, the publication
9  shall be made as provided by Section 6064 of the Government
   Code unless the court, in its discretion, orders publication for a
10 longer period.

11 Cal. Civ. Proc. Code § 415.50(b).  "Service of a summons in this manner is deemed complete as

12 provided in Section 6064 of the Government Code."  Cal. Civ. Proc. Code § 415.50(c).  Section

13 6064 of California's Government Code, in turn, provides that: "[p]ublication of notice pursuant

14 to this section shall be once a week for four successive weeks.  Four publications in a newspaper

15 regularly published once a week or oftener, with at least five days intervening between the

16 respective publication dates not counting such publication dates, are sufficient.  That period of

17 notice commences with the first day of publication and terminates at the end of the twenty-eighth

18 day, including therein the first day."  Cal. Gov't Code § 6064.

19      The court finds that service by publication is appropriate for defendant Kim

20 Parsons.  Plaintiff's declaration demonstrates that he has attempted to serve defendant Parsons

21 several times by U.S. mail and personal service.  The process server's declaration of diligence,

22 attached to plaintiff's declaration, confirms that several attempts were made to serve defendant

23 Parsons personally at a known address.  Furthermore, plaintiff sent copies of the process papers

24 to defendant Parsons via e-mail at her various known e-mail addresses and left telephone

25 messages at each of her known phone numbers.  Thus far, all plaintiff's service attempts have

26 been unsuccessful.  (See Dkt. No. 173.)

1    The court concludes that plaintiff has demonstrated the "reasonable diligence"

2    required by Cal. Civ. Proc. Code § 415.50(a).  Additionally, without prejudice to any future

3    motion to dismiss or other motion brought by defendant Parsons, the court finds on the present

4    record before it that a cause of action exists against defendant Parsons.  Therefore, given that

5    defendant Parsons apparently resides in the Boulder, Colorado area, the court orders that the

6    summons shall be published in the Sacramento Bee newspaper and in Boulder, Colorado's Daily

7    Camera newspaper along the terms specified below.

8    For the reasons outlined above, IT IS HEREBY ORDERED THAT:

9    1.  Plaintiff's motion for leave to serve defendant Kim Parsons with process by

10    publication (dkt. no. 173) is granted.

11    2.  Defendant Kim Parsons shall be served by publication pursuant to Fed. R. Civ.

12    P. 4(e)(1) and Cal. Civ. Proc. Code § 415.50.

13    3.  Within seven (7) days of this order, plaintiff shall make arrangements to

14    publish summons for defendant Parsons in the Sacramento Bee newspaper and in Boulder,

15    Colorado's Daily Camera newspaper once a week for four successive weeks, and shall file a

16    declaration indicating when the notices will be published.  Service will be deemed complete as

17    provided in Cal. Gov't Code § 6064.

18    4.  Within seven (7) days of this order, plaintiff shall send copies of the

19    summons, operative complaint, and this order for publication to defendant Parsons via mail and

20    e-mail at all of her known mailing addresses and e-mail addresses.  Furthermore, a copy of the

21    summons, the operative complaint, and this order for publication shall be forthwith sent to

22    defendant Parsons at any additional address or e-mail address ascertained before expiration of the

23    time prescribed for publication of the summons.

24    DATED: March 22, 2012

25    _____/s/ Gregory G. Hollows_____
      UNITED STATES MAGISTRATE JUDGE

26    GGH/wvr
      Johnson.1968.serv.pub.wpd