IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEPARD JOHNSON,

      Plaintiff,                     No. 2:10-cv-1968 GEB GGH PS

  vs.

CHESTER MITCHELL, et al.,         <u>ORDER AND</u>

                                             <u>FINDINGS AND RECOMMENDATIONS</u>

      Defendants.

_____/

        Plaintiff first initiated this diversity action for malicious prosecution and civil conspiracy to commit malicious prosecution on July 23, 2010, and is currently proceeding with the third amended complaint filed on November 6, 2011. (<u>See</u> Dkt. No. 119.)

        Presently pending before the court is defendant Patricia Hermanson's motion to dismiss plaintiff's claims against her for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), originally filed on April 26, 2012. (Dkt. No. 193.)[1] On May 1, 2012, the court ordered plaintiff to file an opposition to the motion within 21 days, and permitted defendant to file a

---

[1] Defendant Patricia Hermanson also simultaneously moved to dismiss for improper venue and to stay the proceedings, but subsequently withdrew those motions. (Dkt. No. 195.)

1

1 reply brief within 14 days of service with plaintiff's opposition, after which the motion would be
2 submitted on the record without oral argument. (Dkt. No. 194.) Plaintiff filed an opposition on
3 May 22, 2012, and defendant filed a reply brief on June 13, 2012. (Dkt. Nos. 201, 207.)

After considering the papers in support of and in opposition to the motion, the court's record in this matter, and the applicable law, the court FINDS AS FOLLOWS:

## BACKGROUND

The facts and procedural history of this case were previously described in detail in the court's March 2, 2012 order and findings and recommendations related to other motions filed in this matter. (See Dkt. No. 169.) As such, the court only sets forth some limited background facts here.

Plaintiff is a real estate developer who claims that the defendants purchased lots for a planned unit development on an island in Panama. (See Third Amended Complaint, Dkt. No. 119 ["TAC"] at 2-3.) Plaintiff alleges that defendants did not want to be subject to the Conditions, Covenants, and Restrictions ("CC&Rs") for the development, and so rather than settling the matter by way of a contract dispute resolution, defendants "banded together and launched a barrage of deliberate falsehoods, and engaged in wrongful conduct...aimed at upsetting and intimidating him, destroying his reputation and business, disrupting relations with other lot owners, and discouraging prospective purchasers. (TAC at 3-4.) Defendants also allegedly initiated criminal proceedings against him in the Panama courts which were purportedly later dismissed, and which are the subject of plaintiff's malicious prosecution and conspiracy claims in this litigation. (TAC at 4-6.) Plaintiff alleges that he was forced to file for bankruptcy on July 3, 2007, "due in significant part to the false criminal complaints filed by Defendants." (TAC at 5.)

///
///
///

DISCUSSION

<u>Defendant Patricia Hermanson's Motion to Dismiss for Lack of Personal Jurisdiction</u>

Defendant Patricia Hermanson moves to dismiss plaintiff's claims against her pursuant to Fed. R. Civ. P. 12(b)(2), contending that she does not have the requisite minimum contacts with the forum state of California to allow the court to exercise personal jurisdiction over her. Plaintiff contends that defendant waived any defense regarding lack of personal jurisdiction and that defendant has sufficient minimum contacts with California to allow for the exercise of this court's personal jurisdiction over her.

*Whether Defendant Waived Any Defense Based on Lack of Personal Jurisdiction*

Plaintiff initially contends that defendant waived any defense based on lack of personal jurisdiction, because she re-filed defendant Todd Johnson's answer as her own while only making minor changes to it. (<u>Compare</u> Dkt. Nos. 84 and 114.) This argument lacks merit. Plaintiff cites no authority suggesting that the mere copying of another defendant's answer and using it as a template amount to a waiver. Although plaintiff references a prior court order pertaining to defendants Chester and Catherine Mitchell (dkt. no. 78), that order contains no language suggesting that waiver results from a defendant's failure to "file an answer using her own words." To the extent that defendant's alleged copying and use of defendant Todd Johnson's answer resulted in some drafting errors, e.g., improper gender-specific references, these errors are de minimis and do not result in waiver. Defendant, like plaintiff, is proceeding pro se and the court accordingly has a duty to construe her pleadings and filings liberally. Accordingly, the court proceeds to the merits of the motion.

*Whether Personal Jurisdiction Exists Over Defendant Patricia Hermanson*

The plaintiff generally bears the burden of establishing the district court's personal jurisdiction over the defendant. <u>Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.</u>, 328 F.3d 1122, 1128-29 (9th Cir. 2003). "A non-resident defendant may be subject to the personal jurisdiction of the court where the defendant has either a continuous and

3

systematic presence in the state (general jurisdiction), or minimum contacts with the forum state such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice' (specific jurisdiction)." Martinez v. Manheim Central California, 2011 WL 1466684, at *1 (E.D. Cal. Apr. 18, 2011) (citing Int'l Shoe Co. v. Washington, 325 U.S. 310, 316 (1945)). "Where there is no federal statute applicable to determine personal jurisdiction, a district court should apply the law of the state where the court is located." Id. (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)). "California law requires only that the exercise of personal jurisdiction comply with federal due process requirements." Id. (citing Cal. Civ. Proc. Code § 410.10 and Fred Martin Motor Co., 374 F.3d at 800-01).

In her motion and affidavit, defendant Patricia Hermanson states that, although she lived and worked in California as a school teacher many years ago, she has been a resident of Minnesota since 1972, is presently registered to vote in Minnesota and owns her homestead property in Minnesota. (Dkt. No. 193 at 37.) She has never conducted business in California, has not paid taxes in California since 1972, and does not maintain any financial assets or bank accounts in California. (Id.) Upon her divorce from codefendant Ford Hermanson in 2010, she was awarded property in Minnesota, and Mr. Hermanson was awarded all property in Panama that is the genesis of this litigation. (Id.) Her only involvement with the California courts has been plaintiff's prior action filed in California state court based on the same property dispute in Panama. (Id.)

Plaintiff does not argue that this court has general jurisdiction over defendant Patricia Hermanson. It is clear that she does not have the requisite continuous and systematic contacts with California that approximate a physical presence. Instead, plaintiff claims that the court has specific personal jurisdiction over defendant.

"Specific personal jurisdiction exists where a case arises out of forum-related acts." Martinez v. Manheim Central California, 2011 WL 1466684, at *2 (E.D. Cal. Apr. 18,

2011). The Ninth Circuit utilizes a three-prong test to determine whether specific jurisdiction exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205-06 (9th Cir. 2006). "The plaintiff bears the burden of satisfying the first two prongs of the test...If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." Fred Martin Motor Co., 374 F.3d at 802 (internal citations omitted).

For purposes of the first prong, a plaintiff "must establish that [the defendant] either purposefully availed [herself] of the privilege of conducting activities in California, or purposefully directed [her] activities toward California...A purposeful availment analysis is most often used in suits sounding in contract...A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." Fred Martin Motor Co., 374 F.3d at 802; see also Yahoo! Inc., 433 F.3d at 1206. Here, given plaintiff's tortious claim of civil conspiracy to commit malicious prosecution against defendant Patricia Hermanson, a purposeful direction analysis should be utilized. Indeed, defendant did not enter into a contract or conduct business in California, and she received no benefit, privilege, or protection from California that would be susceptible to a purposeful availment analysis. Accordingly, a purposeful direction analysis is appropriate.

///

5

1    The Ninth Circuit evaluates purposeful direction under the three-part "effects"
2 test outlined in the U.S. Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984). Fred
3 Martin Motor Co., 374 F.3d at 803; Yahoo! Inc., 433 F.3d at 1206. To find purposeful direction
4 under Calder, the defendant must have "(1) committed an intentional act, (2) expressly aimed at
5 the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum
6 state." Id. Plaintiff first argues that the express aiming requirement is satisfied as to defendant
7 Patricia Hermanson, because she sent an extortionate e-mail to plaintiff in California on
8 December 10, 2004, which states, in pertinent part:

> Shepard,
> The good news is that Ford [Hermanson] has vowed to stop
> haranguing you; the bad news is that he is ready to go forward with
> civil and criminal law suits with or without other lot owners. So
> you and I need to get to this.

12 (Dkt. No. 201-1 at 40.) After discussing various items of disagreement and potentially
13 acceptable contractual terms, the e-mail concludes as follows:

> This may not be a complete list of details which we find
> unacceptable in the new documents, but it is a starting point.
> Thank you for taking the time to consider these points. It is my
> hope that we can come to an understanding quickly.
> Sincerely,
>
> Pat

18 (Dkt. No. 201-1 at 40.)

19    As an initial matter, the court has grave doubts that this e-mail evinces extortion.
20 The e-mail essentially relays to plaintiff what defendant's husband intended to do. Although
21 plaintiff reads a threatening innuendo into the e-mail, the relatively cordial tone of the e-mail
22 could just as easily be read to suggest that defendant was attempting to work things out with
23 plaintiff before her former husband took further steps. More importantly, the e-mail fails to
24 show express aiming at California, because it indicates that defendant's former husband was
25 preparing to file lawsuits in Panama concerning a Panama property (which is what plaintiff
26 alleges happened). The mere fact that the e-mail was sent to California was mere happenstance,

because plaintiff was located in California. Defendant could not have sent communications to plaintiff anywhere else.

Nevertheless, even if the court, drawing all inferences in plaintiff's favor, concluded that plaintiff made a prima facie showing that the e-mail was extortionate and satisfied the express aiming and other requirements for purposeful direction, plaintiff has made no showing that his claim against defendant satisfies the second prong of the specific jurisdiction test, i.e., that his claim against her "arises out of or relates to the defendant's forum-related activities." Yahoo! Inc., 433 F.3d at 1205-06. Plaintiff's sole claim against defendant Patricia Hermanson is for civil conspiracy to commit malicious prosecution, and plaintiff entirely fails to explain how this claim plausibly arises from or relates to the purported forum-related activity – an e-mail communication in which defendant is the sole sender and plaintiff is the sole recipient. The e-mail does not, for example, suggest any active solicitation of third parties in California to file complaints or charges against plaintiff, nor does it relay any agreement with another to do so.

Plaintiff's reliance on the Sacramento Superior Court's prior June 18, 2007 determination that defendant was subject to the personal jurisdiction of that court in the prior state court action is misplaced. First, this court need not defer to the determinations of a California state court with respect to constitutional issues, such as whether the exercise of personal jurisdiction in a particular case comports with federal constitutional due process requirements. Hawkman v. Parratt, 661 F.2d 1161, 1166 (8th Cir. 1981). Second, plaintiff himself asserts that the state court action included causes of action for "defamation, defamation-false light, fraud, intentional interference with contract and business relationships, intentional interference with prospective economic advantage, breach of contractual covenant of good faith and fair dealing, assault, trespass, *extortion*, intentional infliction of emotional distress." (Dkt. No. 201 at 5-6 (emphasis added).) Thus, unlike in this case, some of the claims in the state action at least arguably arose from or relates to the December 10, 2004 e-mail referenced in plaintiff's opposition.

7

Plaintiff next contends that the express aiming requirement for purposeful direction is satisfied by defendant's actual filing of a criminal action against plaintiff in Panama. In the first instance, defendant correctly points out that plaintiff's operative third amended complaint includes no claim for malicious prosecution against her and does not allege that she filed a criminal action against plaintiff in Panama. Moreover, even if she did, the court has already rejected this argument numerous times in the context of other defendants' motions to dismiss for lack of personal jurisdiction. (See Dkt. No. 169 at 17-20; Dkt. No. 200 at 8-9.) In its findings and recommendations, the court engaged in a detailed discussion of Ninth Circuit case law and held that the criminal actions in Panama did not individually target plaintiff's business or activities *in California*. Instead, the actions were filed in Panama, concerned a Panama property dispute, and challenged plaintiff's Panama activities. Therefore, Panama was the focal point of the litigation, and any resultant harm suffered by plaintiff's business in California was incidental. Furthermore, the court also previously rejected plaintiff's argument that he was targeted as an individual in California, because defendants sued him as opposed to Grupo Islas Tropicales (the corporation which technically undertook the development in Panama). The court stated:

> In his own complaint, plaintiff alleges that he, as a real estate developer, and his "related corporations" Grupo Islas Tropicales and others undertook the planned unit development at issue in Panama. (TAC at 3.) Plaintiff's attempt to now disclaim his involvement in the development by relying on corporate formalities is unpersuasive.

(Dkt. No. 200 at 9.) The district judge subsequently adopted these findings and recommendations (see dkt. nos. 176, 204), and the court sees no reason to revise its analysis regarding this issue.

Accordingly, the court finds that plaintiff has failed to make a colorable showing of purposeful direction on the part of defendant Patricia Hermanson and/or that plaintiff's claim against her arises from or relates to defendant Patricia Hermanson's alleged forum-related

8

activities. "The plaintiff bears the burden of satisfying the first two prongs of the test [for specific personal jurisdiction]...If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." Fred Martin Motor Co., 374 F.3d at 802. The court therefore concludes that it does not have personal jurisdiction over defendant Patricia Hermanson.

*Dismissal or Transfer of Claims against Defendant Patricia Hermanson*

Finally, in light of the court's conclusion that it lacks personal jurisdiction over defendant Patricia Hermanson, the only issue remaining is whether plaintiff's claims against defendant should be dismissed or transferred to the District of Minnesota where she resides. 28 U.S.C. § 1631 provides that:

> Whenever a civil action is filed in a court...and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action...to any other such court in which the action...could have been brought at the time it was filed...and the action...shall proceed as if it had been filed in...the court to which it is transferred on the date upon which it was actually filed in...the court from which it is transferred.

In this case, the court cannot transfer the entire action to the District of Minnesota, because it is obvious that the Minnesota district court would lack personal jurisdiction over several of the other defendants.

The Circuits are split regarding whether the language of 28 U.S.C. § 1631 permits federal courts to partially transfer an action. See United States v. County of Cook, Ill., 170 F.3d 1084 (Fed. Cir. 1999) (approving transfer of some, but not all, claims); FDIC v. McGlamery, 74 F.3d 218, 222 (10th Cir. 1996) (finding transfer of some claims appropriate only after a Rule 21 severance); Hill v. United States Air Force, 795 F.2d 1067, 1070 (D.C. Cir. 1986) (finding the statute authorizes the transfer of an action, not a claim). Even within the same circuit, cases have not always been consistent. The Tenth Circuit recently stated that, although transfer was a discretionary option under 28 U.S.C. § 1631 to cure deficiencies related to personal jurisdiction, it was "aware of no authority even permitting, much less requiring, a district court to unilaterally

split up an action and transfer the resultant components to diverse jurisdictions under the auspices of § 1631." Schrader v. Biddinger, 633 F.3d 1235, 1249-50 (10th Cir. 2011). However, Schrader curiously cited to an earlier Tenth Circuit decision, Trujillo v. Williams, 465 F.3d 1210 (10th Cir. 2006), which actually held that the district court had discretion to sever and transfer a plaintiff's claims against Virginia-based defendants from his claims against New Mexico-based defendants, or to dismiss the claims against the Virginia-based defendants, to cure jurisdictional defects. Id. at 1216. Indeed, in Trujillo, because the district court had not indicated its reasons for dismissing as opposed to transferring the claims, the Tenth Circuit remanded the case for a specific determination of whether the plaintiff's claims against the Virginia defendants should be transferred rather than dismissed under the federal transfer statutes. Id. at 1222-23.

While the Ninth Circuit has not squarely addressed the issue, it implicitly recognized that a portion of a case could be transferred. See e.g. Baeta v. Sonchik, 273 F.3d 1261, 1264 (9th Cir. 2001) ("Under the circumstances presented, transfer of the portion of the habeas petition raising nationality allegations to this Court is appropriate."); see also Nelson v. International Paint Co., 716 F.2d 640, 642 (9th Cir. 1983). Additionally, the court agrees with the rationale of the Federal Circuit in allowing transfer of individual claims:

> The United States suggests no logical reason why this remedy should not be allowed on a claim-by-claim basis. It would indeed be a curious result that a district court could transfer an action under § 1631 containing a single claim over which it lacked jurisdiction but could not transfer that claim if the claimant made an additional claim in his action over which the court did have jurisdiction. We see no reason to deny the remedial benefit of § 1631 in this circumstance merely because some of the claims were properly lodged in the transferor court.

County of Cook, Ill., 170 F.3d at 1089. Furthermore, in the event a Rule 21 severance[2] is technically required before transfer of individual claims so as to result in the transfer of an

---

[2] Fed. R. Civ. P. 21 provides, in part, that "[t]he court may also sever any claim against a party."

"action," see 28 U.S.C. § 1631 and McGlamery, 74 F.3d at 222, the court has no difficulty doing so here. Defendant Patricia Hermanson is not an indispensable party to this action, and plaintiff's claims against her can be severed if necessary to prevent prejudice. See Pamplona v. Hernandez, 2009 WL 578578, at * 3 (S.D. Cal. March 5, 2009).

Thus, the only question is whether transfer would be in the interest of justice. "When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." Baeta v. Sonchik, 273 F.3d 1261, 1264-65 (9th Cir. 2001). This principle applies with even greater force when a claim would be time-barred without a transfer. Id.

In this case, plaintiff did not have a sufficient basis for bringing his claims against defendant Patricia Hermanson in this district. Nevertheless, given plaintiff's pro se status, the court cannot confidently conclude that plaintiff acted in bad faith. Moreover, a failure to transfer would prejudice plaintiff, because the statute of limitations would likely bar refiling the claims against defendant Patricia Hermanson in Minnesota and plaintiff would be unnecessarily required to pay another filing fee.

Accordingly, the court will recommend that defendant Patricia Hermanson's motion to dismiss for lack of personal jurisdiction be granted in part and that plaintiff's claims against defendant Patricia Hermanson be severed under Fed. R. Civ. P. 21 and transferred to the United States District Court for the District of Minnesota.

Plaintiff's Request for Hearing on Determination of Defendant Ford Hermanson's Domicile

On May 4, 2012, the court, based on information in prior court filings suggesting that defendant Ford Hermanson may have been domiciled in Panama at the time he was joined as a defendant in this action on October 28, 2010, sua sponte raised the issue of whether dismissal

of defendant Ford Hermanson pursuant to Fed. R. Civ. P. 21 may be necessary to cure potential defects in federal subject matter jurisdiction. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction...."); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828-29 (1989) (holding that United States citizens domiciled in a foreign country cannot be parties to a diversity action in federal court, because they destroy complete diversity). The court ordered plaintiff and defendant Ford Hermanson to file briefs, along with declarations relating any facts and attaching any evidence, regarding defendant Ford Hermanson's domicile as of October 28, 2010, addressing, to the extent possible, the factors for determining domicile outlined in Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986).

On May 25, 2012, plaintiff filed his brief and supporting documentation in response to the court's order, and on June 11, 2012, defendant Ford Hermanson filed his responsive brief and supporting documentation. (Dkt. Nos. 202, 202-1, 206.) Subsequently, on June 19, 2012, plaintiff filed a request for an oral hearing on the matter. (Dkt. No. 209.) After reviewing the parties' briefs and supporting documents, the court agrees that a hearing and oral argument would be beneficial in resolving the matter, and accordingly sets a hearing for August 2, 2012, at 10:00 a.m. in Courtroom No. 9 before the undersigned. Defendant Ford Hermanson will be permitted to appear via telephone. If he elects to do so, he shall contact the undersigned's courtroom deputy clerk at (916) 930-4199 at least seven (7) days prior to the hearing to make appropriate arrangements for an appearance via telephone.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an oral hearing regarding determination of defendant Ford Hermanson's domicile as of October 28, 2010 (dkt. no. 209) is GRANTED.

2. A hearing on the matter of defendant Ford Hermanson's domicile is set for August 2, 2012, at 10:00 a.m. in Courtroom No. 9 before the undersigned. Defendant Ford

1  Hermanson shall be permitted to appear via telephone.  If he elects to do so, he shall contact the

2  ///

3  undersigned's courtroom deputy clerk at (916) 930-4199 at least seven (7) days prior to the

4  hearing to make appropriate arrangements for an appearance via telephone.

5              IT IS ALSO HEREBY RECOMMENDED THAT defendant Patricia

6  Hermanson's motion to dismiss for lack of personal jurisdiction (dkt. no. 193) be GRANTED IN

7  PART and that plaintiff's claims against defendant Patricia Hermanson be SEVERED under

8  Fed. R. Civ. P. 21 and TRANSFERRED to the United States District Court for the District of

9  Minnesota.

10             These findings and recommendations are submitted to the United States District

11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

12 (14) days after being served with these findings and recommendations, any party may file written

13 objections with the court and serve a copy on all parties.  Such a document should be captioned

14 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15 shall be served and filed within seven (7) days after service of the objections.  The parties are

16 advised that failure to file objections within the specified time may waive the right to appeal the

17 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18 DATED: June 25, 2012

19                                    /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE

21 GGH/wvr
Johnson.1968.pj3.fr.wpd

13