IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEPARD JOHNSON,

       Plaintiff,                    No. 2:10-cv-1968 GEB GGH PS

    vs.

CHESTER MITCHELL, et al.,

                                  ORDER

       Defendants.

_____/

        On May 4, 2012, the court, based on information in prior court filings suggesting that defendant Ford Hermanson may have been domiciled in Panama at the time he was joined as a defendant in this action on October 28, 2010, sua sponte raised the issue of whether dismissal of defendant Ford Hermanson pursuant to Fed. R. Civ. P. 21 may be necessary to cure potential defects in federal subject matter jurisdiction. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction...."); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828-29 (1989) (holding that United States citizens domiciled in a foreign country cannot be parties to a diversity action in federal court, because they destroy complete diversity).

\\\\\

1

1    The court ordered plaintiff, within 21 days of the date of service of that order, to
2 file either (a) a brief, limited to 15 pages, along with a declaration relating any facts and attaching
3 any evidence plaintiff had that defendant Ford Hermanson was domiciled in a U.S. state other
4 than California as of October 28, 2010, or (b) a request for dismissal of defendant Ford
5 Hermanson from the action.  In turn, in the event plaintiff elected to brief the issue of defendant
6 Ford Hermanson's domicile, defendant was permitted to file a responsive brief, limited to 15
7 pages, along with a declaration relating any facts and attaching any evidence defendant Ford
8 Hermanson had that he was domiciled outside of the United States as of October 28, 2010.  The
9 court order further provided that the matter would then be submitted on the record without oral
10 argument with a written order and/or findings and recommendations to follow.  (See Dkt. No.
11 197 at 15.)

12    On May 25, 2012, plaintiff filed his brief and supporting documentation in
13 response to the court's order, and on June 11, 2012, defendant Ford Hermanson filed his
14 responsive brief and supporting documentation.  (Dkt. Nos. 202, 202-1, 206.)  Subsequently, on
15 June 19, 2012, plaintiff filed a request for an oral hearing on the matter.  (Dkt. No. 209.)  After
16 reviewing the parties' briefs and supporting documents, the court agreed that a hearing and oral
17 argument would be beneficial in resolving the matter, and accordingly set a hearing for August 2,
18 2012 at 10:00 a.m.  (Dkt. No. 210.)  Nothing in that order granted either party permission to file
19 further briefing.

20    Nevertheless, on Sunday July 29, 2012, plaintiff filed a further unauthorized
21 "reply brief" with numerous exhibits and supporting documentation.  (Dkt. Nos. 216, 217.)  Not
22 only has the court not granted plaintiff permission to file supplemental briefing, but defendant
23 has had little, if any, opportunity to respond in writing to plaintiff's unsolicited brief filed four
24 days prior to the hearing.  Thus, defendant will be compelled to present any further rebuttal
25 evidence at the hearing.  These supplemental, unauthorized rounds of briefing with submission of
26 further evidence also impose additional and unwarranted burden on a court facing limited judicial

resources.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of procedure, including the Federal Rules of Civil Procedure and the court's Local Rules, as well as court orders.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).  Failure to comply with the Local Rules or with any order of the court "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110; see also E.D. Cal. L.R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants and providing that failure to comply may be grounds for dismissal, judgment by default, or any other appropriate sanction).  Additionally, the court notes that plaintiff was previously cautioned regarding excessive and unauthorized filings.  (Dkt. Nos. 169, 171.)

In light of the above, the court will strike plaintiff's unauthorized "reply brief" and supporting documentation.  The parties are hereby put on notice that oral argument at the hearing shall be limited to the briefing and supporting documentation previously submitted in compliance with the court's orders.

For the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's unauthorized reply brief and supporting documentation (dkt. nos. 216, 217) are STRICKEN.

DATED: July 31, 2012

                  /s/ Gregory G. Hollows
          UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Johnson.1968.strike.wpd