1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8   SHEPARD JOHNSON,

9            Plaintiff,                    No. CIV S-10-1968 GEB GGH PS

10        vs.

11  CHESTER MITCHELL, et al.,              ORDER

12           Defendants.

13  _____/

14          Plaintiff, who is proceeding pro se in this matter, initiated this diversity action for

15  malicious prosecution and civil conspiracy to commit malicious prosecution against various

16  defendants on July 23, 2010 and proceeds with the third amended complaint filed on November

17  6, 2011.  See Dkt. 119.

18  BACKGROUND

19          The facts and procedural history of this case were previously described in detail in

20  the court's March 2, 2012 order and findings and recommendations related to other motions filed

21  in this matter.  See Dkt. 169.  As such, the court only sets forth some limited background facts

22  here.

23          Plaintiff is a real estate developer who claims that the defendants purchased lots

24  for a planned unit development on an island in Panama.  See Third Amended Complaint, Dkt.

25  119 ["TAC"] at 2-3.  Plaintiff alleges that defendants did not want to be subject to the

26  Conditions, Covenants, and Restrictions ("CC&Rs") for the development, and so rather than

1

settling the matter by way of a contract dispute resolution, defendants "banded together and launched a barrage of deliberate falsehoods, and engaged in wrongful conduct ... aimed at upsetting and intimidating him, destroying his reputation and business, disrupting relations with other lot owners, and discouraging prospective purchasers." TAC at 3-4. Defendants also allegedly initiated criminal proceedings against him in the Panama courts which were purportedly later dismissed, and which are the subject of plaintiff's malicious prosecution and conspiracy claims in this litigation. TAC at 4-6. Plaintiff alleges that he was forced to file for bankruptcy on July 3, 2007 "due in significant part to the false criminal complaints filed by Defendants." TAC at 5.

After a series of disputes as to the proper joinder of defendants, personal and subject matter jurisdiction (see dkt. 149, 154, 169, 179, 193, 203, 213, 223), a scheduling conference was finally held in this matter on October 3, 2012. Plaintiff appeared before the court along with Debra Barron for defendants Johnson, Kiman, Efim and Elena Shargorodsky; Robert Dale Ginter appeared for defendants David and Sarah Miner. Appearing via telephone was James Bridgman for Chester and Catherine Mitchell. The court discussed the status of the parties to date and how to move this case out of the pleading phase and towards a resolution on the merits.

STATUS OF THE PARTIES

A review of the docket reveals that 17 defendants remain named parties to this lawsuit: Rogelio Arosemena, Manual Berrocal, Robert Hammond, Todd Johnson, Julie Ann Kahler, Viki Kiman, James Lynch, David and Sarah Miner, Chester and Catherine Mitchell, Peter Reinhold, Efim and Elena Shargorodsky, Solarte Inn Corporation ("Solarte "), Sondra Tornga, and Ann Michelle Wand. Question remains as to whether two defendants — Reinhold and Solarte — have been properly served. And seven (7) defendants failed to appear (without notice) at the October 3, 2012 status conference: Arosemena, Berrocal, Hammond, Kahler, Lynch, Tornga and Wand. The undersigned addresses both of these issues below.

1   <u>SERVICE OF PROCESS</u>

2          Plaintiff claims that service of process has been completed for all defendants that

3   have not been dismissed for diversity reasons.  Dkt. 226.  However, the docket does not indicate

4   that defendants Reinhold or Solarte have been served with process.  Those two most recently

5   appear on the record in the court's January 31, 2012 order requiring the plaintiff to show cause as

6   to why defendants should not be dismissed for plaintiff's failure to prosecute and follow court

7   orders.  Dkt. 156.  In its March 2, 2012 order the court granted plaintiff an additional 60 days to

8   complete service on *all remaining defendants.*  Dkt. 169 (emphasis added).  Plaintiff was advised

9   that failure to do so would result in recommendations that those defendants not served be

10  dismissed from the case.

11          At hearing, plaintiff stated that he had, in fact, served Reinhold and Solarte by

12  substitution.  Because there is no record of such service, plaintiff must file a declaration within

13  ten (10) days of the issuance of this order to that effect, including the date on and manner in

14  which service was accomplished.  Failure to do so will result in a recommendation that

15  defendants  Reinhold and Solarte be dismissed from the case.

16  <u>APPEARANCES</u>

17          Of the fifteen defendants whom the court recognizes as properly served and

18  named in this case, seven failed to appear at the October 3, 2012 status conference.  The court

19  received no notice that these defendants would not be appearing, nor has subsequent explanation

20  for their absence been provided.  This case has been on the court's docket for over two years just

21  sorting out the pleadings and parties.  All defendants were required to appear and take part in the

22  status conference in order to, finally, move this case out of the pleading stage and towards

23  disposition on the merits.  In order to discuss the coordination of discovery and defense, and the

24  myriad discovery issues presented by this case, all parties needed to be present at the hearing.

25  Accordingly, defendants Arosemena, Berrocal, Hammond, Kahler, Lynch, Tornga and Wand are

26  required to show cause in writing, and within 20 days of entry of this order, why an entry of

1  default or other sanctions should not be entered against them for  their failure to comply with

2  court orders.

3        Additionally, five defendants — whom have been properly served — have

4  failed to respond to the TAC filed on November 6, 2011.  Defendants Kahler and Lynch were

5  properly served with the operative complaint and all subsequent orders of the court, but have

6  failed to respond in any way.  Defendants Arosemena and Berrocal were served, for the first

7  time, with the TAC on April 26, 2012.  Dkt. 196.  Since that time they have failed to respond to

8  the complaint or appear, in any way, in this case.  Finally, defendant Wand was properly served

9  with the TAC  but subsequently filed an amended answer to the Second Amended Complaint —

10  which was no longer operative — on November 21, 2011.  She has not further amended her

11  answer or appeared in the case since that time.

12        Given defendants' failure to respond to the TAC and to defend the claims against

13  them, plaintiff may elect to move for an entry of default against these defendants pursuant to Fed.

14  R. Civ. Pro. 55(a).   To do so, plaintiff must file a declaration or affidavit as outlined by the Rule

15  and may submit it to the court at the same time  motions for summary judgment are due.

16  SUMMARY ADJUDICATION

17        The undersigned has allowed plaintiff to file four complaints in this case, each of

18  which added several defendants, some of  whom were later dismissed voluntarily by plaintiff,

19  involuntarily for plaintiff's failure to prosecute, or for the court's lack of jurisdiction over their

20  person.  See Dkt. 1, 5, 78-80, 118-19, 169, 176, 197, 200, 204, 210, 213, 222-23.  The court has

21  expressed its intent to bring amendments to an end (dkt. 169 at 11), and after two years and four

22  complaints, and many threshold motions, the time has come.  Accordingly, no further joinder of

23  parties or amendments to the pleadings will be permitted.

24        In fact, defendants believe that this case may be resolved, without commencing

25  further discovery, on motion for summary judgement given the available evidence.  At hearing,

26  defendants directed the court to the current evidence available to the parties upon which

4

1  summary adjudication may be based: the documents used in the Panama court proceedings which

2  gave rise to the instant litigation, the court orders resulting from those proceedings; and

3  documents and evidence related to plaintiff's bankruptcy proceeding in United States Bankruptcy

4  Court for the Eastern District of California.  Defendants claim that on the basis of this

5  information alone they can demonstrate, as a matter of law, that the underlying prosecution

6  against plaintiff was not without probable cause — a central element of plaintiff's claim of

7  malicious prosecution.  If defendants are able to show there is no genuine dispute that probable

8  cause existed in the underlying prosecution, plaintiff's claims in the instant litigation are

9  extinguished. [1]

10        Plaintiff acknowledges possessing the documents which contain the decisions of

11  the Panama courts involved in the underlying prosecution against him.  If this evidence, coupled

12  with whatever else is presently available to the parties, can support summary adjudication on at

13  least some of the claims before the court, there is no reason to embark on costly and laborious

14  discovery at this time.  What is important is that the parties are moving towards a resolution on

15  the merits of the case, be that resolution decided by motion or ultimately at trial.

16  CONCLUSION

17        Accordingly, the undersigned will set a schedule, as follows, for completing

18  summary judgment briefing in this matter:

19        1.  The deadline by which defendants shall file one, consolidated motion for

20  summary judgment is November 21, 2012.  At this time, plaintiff may move for an entry of

21  default against defendants Arosemena, Berrocal, Kahler, Lynch and Wand pursuant to Fed. R.

22  Civ. P. 55(a).

23

24        [1] Mention was also made of revisiting the court's prior ruling on the real party plaintiff in
interest (Shepard Johnson or the bankruptcy trustee).  For the Ninth Circuit authority on law of
25  the case, see e.g., Minidoka Irr. Dist. v. Department of the Interior, 406 F.3d 567, 573 (9th Cir.
2005).  The parties shall also inform the court on their views on choice of law in any motion
26  made on the merits.

1    2.  Plaintiff shall file his opposition, if any, and /or his cross-motion for summary

2    judgement against defendants by December 6, 2012.

3    3.  Defendants shall file one, consolidated reply to plaintiff's opposition or cross-

4    motion for summary judgment by December 13, 2012.

5    4.  A hearing on the motions for summary judgment will be held on December 20,

6    2012.

7    The undersigned FURTHER ORDERS, as discussed above, the following:

8    5.  Plaintiff shall file with the court, within ten (10) days from the date upon

9    which this order is issued, a declaration setting forth the date and manner in which service of

10   process was completed as to defendants Reinhold and Solarte.

11   6.  Defendants Arosemena, Berrocal, Hammond, Kahler, Lynch, Tornga and

12   Wand shall show cause in writing, within 20 days of entry of this order, why an entry of default

13   or other sanctions should not be entered against them for their failure to comply with court

14   orders.

15   IT IS SO ORDERED.

16   DATE: October 9, 2012

17                        /s/ Gregory G. Hollows
                  UNITED STATES MAGISTRATE JUDGE

18

19

20   GGH9
     johnson.1968.SchOrd

21

22

23

24

25

26

6