1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHEPARD JOHNSON,

11             Plaintiff,                    No. 2:10-cv-1968 GEB GGH PS

12        vs.

13   CHESTER MITCHELL et al.,                ORDER &
                                             FINDINGS AND RECOMMENDATIONS
14             Defendants.
     _____/

15

16        Plaintiff proceeds pro se in this action for malicious prosecution.  Before the court

17   are defendants Manuel Jose Berrocal ("Berrocal") and Rogelio Arosemena's ("Arosemena")

18   motion to quash and dismiss.  Dkt. 229.  The matter was heard by the undersigned on January 31,

19   2013.  Present at the hearing were plaintiff, Shepard Johnson, and James Bridgman, appearing

20   for defendants.  Having considered the briefing submitted, the parties' oral arguments, the court's

21   record in this matter, and the applicable law, the court FINDS AS FOLLOWS:

22   BACKGROUND

23        Plaintiff, a citizen of California, is a real estate developer who claims that the

24   defendants purchased lots for a planned unit development on an island in Panama.  See Third

25   Amended Complaint, Dkt. No. 119 ("TAC") at 2-3.  Plaintiff alleges that defendants did not

26   want to be subject to the Conditions, Covenants, and Restrictions ("CC&Rs") for the

1

development, and so rather than settling the matter by way of a contract dispute, defendants "banded together and launched a barrage of deliberate falsehoods, and engaged in wrongful conduct...aimed at upsetting and intimidating him, destroying his reputation and business, disrupting relations with other lot owners, and discouraging prospective purchasers." TAC at 3-4. According to plaintiff, defendants' campaign of defamation was conducted primarily over the Internet. TAC at 4. In particular, plaintiff alleges that defendants "posted in excess of 150 messages on the Internet by and through an account with an internet provider based in California and on sites maintained within the State of California...to attract and solicit fellow conspirators." TAC at 16. Defendants also allegedly initiated criminal proceedings against him in the Panama courts which were purportedly later dismissed, and which are the subject of plaintiff's malicious prosecution and conspiracy claims in this litigation. TAC at 4-6. Plaintiff alleges that he was forced to file for bankruptcy on July 3, 2007 "due in significant part to the false criminal complaints filed by Defendants." TAC at 5.

The TAC contains the following allegations with respect to defendants Berrocal and Arosemena. Arosemena, a Panamanian lawyer, was retained by the property owning defendants in 2005 or 2006 to prepare and file criminal denunciations against plaintiff with the deputy public prosecutor of the Republic of Panama. Berrocal, also a Panamanian lawyer, was hired by the same defendants to negotiate a settlement with plaintiff. TAC ¶ 66. Plaintiff claims that despite his good faith efforts towards settlement, defendants "changed the terms of the settlement," thereby thwarting the parties' efforts. Id. at ¶ 67. Plaintiff alleges that both Berrocal and Arosemena fabricated false evidence in support of the criminal action they initiated against plaintiff and used extortion and leverage from the prosecution to force plaintiff to yield to defendants' demands for title.

\\\\\

\\\\\

\\\\\

1    On October 11, 2012, defendants Berrocal and Arosemena filed a motion to quash

2  and dismiss claiming that they are not subject to the personal jurisdiction of this court.[1]  Dkt.

3  230.  In support of their position, both defendants attached affidavits declaring that they have

4  never lived or resided in the United States; have never held United States citizenship, a green

5  card or other immigration document; own no real or personal property in the United States; and

6  have only occasionally traveled to the United States for holidays.  Dkts. 231, 232.  Defendants

7  further declare that they are both citizens and residents of Panama; admitted to practice law in

8  that jurisdiction where they are partners in their respective law practices; own homes, personal

9  and real property in Panama; are registered to vote; hold driver's licences; and maintain their

10  banking accounts with Panama banks.  Id.  Finally, defendants declare that their connection to

11  this case involved consulting with Americans in Panama who bought real property there from

12  plaintiff.  Id.  Defendant Arosemena states that he advised the property owners to request that

13  criminal lawsuits be filed in Panama against plaintiff and that he facilitated the filing of these

14  suits.  Dkt. 231.  Defendant Berrocal advised the property owners on the validity of the land

15  transactions in which they were engaged under Panamanian law.  Dkt. 232.  Berrocal did not file

16  any suits against plaintiff but referred the case to a criminal attorney in Panama City.  Id.

17  Plaintiff does not dispute any of the facts contained in defendants' declarations.

18  DISCUSSION

19    Request for Judicial Notice

20    Plaintiff requests the court to take judicial notice of four documents: (1) a printout

21  from the website http://www.oas.org/juridico/english/sigs/b-36.html which bears the heading

22  "Department of International Law: Organization of American States, Washington D.C." and

23  contains a partial list of signatory countries to Treaty B-36 (dkt. 269-1 at 15, exh. E); (2) a

---

25    [1]Because consideration of the personal jurisdiction issue disposes of the claims against

26  these defendants, the court need not reach the merits of defendants' argument on service of
   process.

1  printout from what appears to be an online article from the SACRAMENTO BUSINESS JOURNAL

2  (dkt. 269-2 at 1, exh. H); (3) a letter from certain American investors to Secretary-General of the

3  Secretariat International Center for the Settlement of Investment Disputes (dkt. 269-2 at 8, exh.

4  I); and (4) a portion of a pleading filed by defendants in the Superior Court of Sacramento (dkt.

5  269-2 at 20, exh. J).

6         Although a court generally is confined to the pleadings on a Rule 12(b)(6) motion,

7  it can also consider facts which may be judicially noticed.  Mullis v. United States Bankruptcy

8  Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  "A judicially noticed fact must be one not subject to

9  reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the

10  trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy

11  cannot reasonably be questioned."  Fed. R. Evi. 201(b).  Consideration of these documents

12  outside the complaint will not convert the motion into a motion for summary judgment.  United

13  States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  As to the first three documents, none of

14  them are the proper subject of judicial notice.  They are not public records, nor do they contain

15  facts which are not subject to reasonable dispute.  The source of the first document cannot be

16  verified as it appears to simply be a website printout.  The second document, which appears to be

17  an online news article from the SACRAMENTO BUSINESS JOURNAL, is merely journalistic

18  reporting on a housing project involving plaintiff.  The information contained in the article

19  cannot reasonably be characterized as undisputed fact.  The third document is a letter to an

20  international governmental agency advocating the legal position of American investors under

21  Panama law.  Again, none of the facts contained therein are reasonably undisputed.

22         The last document includes the first two pages of a pleading from the Superior

23  Court of California.  The court may take judicial notice of this court document without admitting

24  any facts contained therein.  See U.S. v. Corinthian Colleges, 655 F.3d 984, 998-999 (9th Cir.

25  2011) (court may take judicial notice of matters of public record but not of facts that may be

26  subject to reasonable dispute by either party).  Therefore, the court notices that this pleading was,

1 in fact, filed in the Superior Court of California in Sacramento County by defendants Berrocal

2 and Arosemena, but need not admit anything more about its substance.

3         Personal Jurisdiction

4         The plaintiff generally bears the burden of establishing the district court's

5 personal jurisdiction over the defendant.  Harris Rutsky & Co. Ins. Servs., Inc. v. Bell &

6 Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003).  "A non-resident defendant may be

7 subject to the personal jurisdiction of the court where the defendant has either a continuous and

8 systematic presence in the state (general jurisdiction), or minimum contacts with the forum state

9 such that the exercise of jurisdiction 'does not offend traditional notions of fair play and

10 substantial justice' (specific jurisdiction)."  Martinez v. Manheim Central California, 2011 WL

11 1466684, at *1 (E.D. Cal. Apr. 18, 2011) (citing Int'l Shoe Co. v. Washington, 325 U.S. 310, 316

12 (1945)); see also Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995) (same rule

13 applies to foreign defendants).  "Where there is no federal statute applicable to determine

14 personal jurisdiction, a district court should apply the law of the state where the court is located."

15 Id. (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)).

16 "California law requires only that the exercise of personal jurisdiction comply with federal due

17 process requirements."  Id. (citing Cal. Civ. Proc. Code § 410.10 and Fred Martin Motor Co., 374

18 F.3d at 800-01).

19         General personal jurisdiction exists when the defendant engages in "continuous

20 and systematic general business contacts...that approximate physical presence in the forum state."

21 Fred Martin Motor Co., 374 F.3d at 801.  "This is an exacting standard, as it should be, because a

22 finding of general jurisdiction permits a defendant to be haled into court in the forum state to

23 answer for any of its activities anywhere in the world."  Id.; see also Helicopteros Nacionales de

24 Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

25         Alternatively, "[s]pecific personal jurisdiction exists where a case arises out of

26 forum-related acts."  Martinez, 2011 WL 1466684, at *2.  The Ninth Circuit utilizes a

5

three-prong test to determine whether specific jurisdiction exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205-06 (9th Cir. 2006), and see Rano v. Sipa Press, Inc., 987 f.2d 580, 588 (9th Cir. 1992) (applying the test to a foreign defendant who was a citizen of Turkey, but a long-time resident of France and only visited California three times in the previous seven years). "The plaintiff bears the burden of satisfying the first two prongs of the test...If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." Fred Martin Motor Co., 374 F.3d at 802 (internal citations omitted).

Here, it is clear that this court cannot exercise general jurisdiction over either defendants Berrocal or Arosemena because they do not have the requisite continuous and systematic contacts with California that approximate a physical presence. Rather, plaintiff claims that the court has specific personal jurisdiction over defendants Berrocal and Arosemena. The court therefore proceeds to analyze plaintiff's claim under the Ninth Circuit's three-prong test for specific personal jurisdiction. Yahoo! Inc., 433 F.3d at 1205-06.

1. Purposeful Direction

Under the first prong, a plaintiff "must establish that [the defendant] either purposefully availed himself of the privilege of conducting activities in California, or purposefully directed his activities toward California...A purposeful availment analysis is most

often used in suits sounding in contract...A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort."  Fred Martin Motor Co., 374 F.3d at 802; see also Yahoo! Inc., 433 F.3d at 1206.  Here, given plaintiff's tort claims of malicious prosecution and civil conspiracy to commit malicious prosecution, plaintiff correctly asserts that a purposeful direction analysis should be utilized in this case.  Indeed, neither of defendants Berrocal or Arosemena entered into a contract or conducted business in California, and they received no benefit, privilege, or protection from California that would be susceptible to a purposeful availment analysis.  Accordingly, a purposeful direction analysis is appropriate.

The Ninth Circuit evaluates purposeful direction under the three-part "effects" test outlined in the U.S. Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984).  Fred Martin Motor Co., 374 F.3d at 803; Yahoo! Inc., 433 F.3d at 1206.  In Calder, the plaintiff sued Florida-based defendants in a California court claiming that she had been libeled in an article written and edited in Florida and then published in a national magazine with a large circulation in California.  Calder, 465 U.S. at 784.  In finding that the California court had personal jurisdiction over the Florida defendants, the U.S. Supreme Court explained that:

> The alleged libelous story concerned the California activities of a California resident.  It impugned the professionalism of an entertainer whose television career was centered in California.  The article was drawn from California sources, and the brunt of the harm...was suffered in California.  In sum, California is the focal point both of the story and of the harm suffered.  Jurisdiction over [the defendants] is therefore proper in California based on the "effects" of their Florida conduct in California.

Id. at 788-89.  The Supreme Court further stated that the defendants knew that the article would have a devastating impact upon plaintiff in California, given that she lives and works there and that the magazine has its largest circulation in that state.  Id. at 789-90.

Thus, "Calder stands for the proposition that [the first prong of the test for specific jurisdiction] is satisfied even by a defendant whose only contact with the forum state is the purposeful direction of a foreign act having effect in the forum state."  Fred Martin Motor Co.,

7

1   374 F.3d at 803 (internal citations omitted).  To find purposeful direction under Calder, the

2   defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3)

3   causing harm that the defendant knows is likely to be suffered in the forum state."  Id.; see also

4   Yahoo! Inc., 433 F.3d at 1206.

5              Plaintiff essentially points to three contacts by the defendants which show that

6   their actions were purposefully directed to the forum state: (1) the filing of a criminal action in

7   Panama against plaintiff, whom defendants were aware was living and working in California, (2)

8   emails the defendants sent to plaintiff in California; and (3) defendants' choice to sue plaintiff

9   individually rather than pursue the development corporation plaintiff owns, Grupo Islas

10  Tropicales ("GIT").

11                           a.      Criminal Action in Panama

12             Plaintiff essentially argues that purposeful direction is shown by the intentional

13  acts of both defendants in participating in the filing of a criminal action in Panama against

14  plaintiff.  See Dkt. 268.  At hearing, plaintiff argued that the action was purposefully directed

15  towards California because the focal point of the criminal action was a personal attack on

16  plaintiff who resided in California, derived income, kept offices, and maintained his real estate

17  career there — all of which defendants were supposedly aware.  Id.

18             The fact that plaintiff's personal and business contacts revolved around California

19  and defendants were, or should have been, aware of such circumstance, does not rise to the level

20  of showing that defendants expressly aimed their conduct at California so as to establish the

21  requisite minimum contacts.  Despite plaintiff's assertions to the contrary, the focal point of the

22  criminal action against him was the land in Panama for which plaintiff was responsible for

23  developing.  That plaintiff may have suffered resulting damages in California is not a sufficient

24  benchmark for exercising personal jurisdiction.  See Burger King Corp. V. Rudzewicz, 471 U.S.

25  462, 474 (1985) (foreseeability of injury is not sufficient to establish the requisite minimum

26  contacts).  Indeed, the Ninth Circuit has required "something more" than mere foreseeability in

8

1  order to justify personal jurisdiction, which includes conduct expressly aimed at the forum.

2  Brayton Purcell LLP v. Recordon, 606 F.3d 1124, 1129 (9th Cir. 2010).  Defendants' mere

3  awareness of plaintiff's residence and from where he conducted a portion of his business

4  operations certainly does not amount to an express aim at California.

5          Plaintiff cites to various Ninth Circuit authorities holding that the express aiming

6  requirement is satisfied when the defendant individually targeted a known forum resident in

7  support of his position that defendants' criminal activity was expressly aimed at California,.  See

8  e.g. Bancroft & Masters, Inc., 223 F.3d at 1087, Calder, 465 U.S. at 788-89, Sinatra, 854 F.2d at

9  1197, Panavision v. Toeppen, 141 F.3d 1316, 1322 (9th Cir.)  However, in each of these cases,

10  the defendant's wrongful conduct has individually targeted the plaintiff's business, activities, or

11  presence in California.

12          In Bancroft & Masters, Inc., the plaintiff was a small California company that had

13  registered an Internet domain name.  Bancroft & Masters, Inc., 223 F.3d at 1084.  The

14  Georgia-based defendant sent a letter to the official domain name registrar in Virginia,

15  challenging the plaintiff's use of that domain name.  Id. at 1085.  Subsequently, the plaintiff

16  sought a declaratory judgment against the defendant in a California district court to establish

17  ownership of the domain name.  Id.  The Ninth Circuit ultimately concluded that personal

18  jurisdiction existed over the defendant, even though the letter was never sent to California.  Id. at

19  1085, 1087-88.  It reasoned that the letter was expressly aimed at California, because it

20  individually targeted plaintiff's business in California.  Id. at 1088.  This is because the letter

21  triggered the registrar's dispute resolution procedures, which forced plaintiff to either bring suit

22  or lose control of its website.  Id. at 1085, 1087.  Thus, the letter was sent "for the very purpose

23  of having [its] consequences felt" on the plaintiff's business in California.  Id. at 1088.

24          It is true that Calder stands for the proposition that the purposeful direction prong

25  of the test for specific jurisdiction could be satisfied where a defendant's only contact with the

26  forum state is the effect in that state of defendant's purposeful act.  Fred Martin Motor Co., 374

9

1    F.3d at 803.   However, the facts of that case remain very distinct from the instant litigation.

2    There, as the Supreme Court noted, the tortious conduct concerned the California activities of a

3    California resident whose entire career was centered in California.  Calder, 465 U.S. at 788-89.

4    Defendants' conduct in initiating criminal action concerns the Panamanian real estate

5    development activities of plaintiff and his "related corporation" GIT, which exists and is

6    incorporated under the laws of Panama and has its principle place of business there.  See TAC at

7    5.

8           The court in Sinatra considered the "economic reality of the defendant's activities

9    that form the basis for the assertion of jurisdiction."  Sinatra v. National Enquirer, Inc., 854 F.2d

10   1191, (9th Cir. 1988).  As plaintiff correctly points out, the court found that defendant's tortious

11   conduct was properly viewed "as an event within a sequence of activities designed to use

12   California markets for the defendant's benefit."  Id. at 1197.  In particular, defendant participated

13   in conduct which allowed or promoted the transaction of business in the forum state.  Id.  Indeed,

14   it created, controlled, and actively used a reservation system that brought customers from the

15   forum state to Switzerland.  Id.  Plaintiff can point to no such activity on the part of defendants

16   here.  The fact that plaintiff resides in and conducts some of his business in California is entirely

17   incidental and without consequence to defendants' actions in Panama.  In other words,

18   defendants' conduct in initiating criminal action against plaintiff would remain the same

19   regardless of where plaintiff resided.

20          While the court in Panavision noted that the forum state (California) was where

21   plaintiff felt the most harm from defendant's conduct, it was also where plaintiff's principal

22   place of business was located along with the epicenter of the motion picture and television

23   industry.  Panavision, 141 F.3d at 1321-22.  It was that particular industry at which defendant

24   aimed to purposefully direct his conduct.  Id.

25          Here, by contrast, the criminal action defendants initiated in Panama did not

26   individually target the plaintiff's business or activities in California.  It may very well be true that

1   defendants' conduct was a personal attack against plaintiff (see dkt. 268 at 9), but it was not

2   centered on plaintiff *in California*.  The action was filed in Panama, concerned a Panama

3   property dispute, and challenged plaintiff's activities (which he conducted through his

4   Panamanian business) *in Panama*, not his business activities in California.  Plaintiff may have

5   been a resident of any state; defendants' actions would be exactly the same.  By filing and

6   prosecuting the criminal action, defendants allegedly targeted plaintiff with respect to his

7   property development and reputation in Panama, not California.  Therefore, Panama was the

8   focal point of the litigation, and any resultant harm suffered in California is incidental.  As the

9   Ninth Circuit observed in Fred Martin Motor Co.:

10          It may be true that Fred Martin's intentional act eventually caused
            harm to Schwarzenegger in California, and Fred Martin may have
11          known that Schwarzenegger lived in California.  But this does not
            confer jurisdiction, for Fred Martin's express aim was local.
12

13   Fred Martin Motor Co., 374 F.3d at 807.  In light of the above, the court concludes that

14   defendants' criminal action against plaintiff in Panama was not expressly aimed at California.

15   Accordingly, it does not support a finding of purposeful direction.

16                           b.  Emails to Plaintiff

17          Plaintiff points to defendants emailing him communications in California as

18   purposeful direction at the forum state.  Dkt. 268 at 9.  As the court pointed out at hearing,

19   however, plaintiff's position proves too much.  If personal jurisdiction could be established by

20   merely sending an email to anyone, anywhere, the bounds of personal jurisdiction would be

21   nearly limitless.  This is particularly true in light of the mobility of email.  Regardless of

22   plaintiff's physical location, he can access his email nearly anywhere in the world and the email

23   addresses itself is not location-specific as physical mailing addresses are.  Accordingly, the fact

24   that defendants emailed plaintiff in California is not sufficient to establish purposeful direction

25   under the specific personal jurisdiction analysis.

26   \\\\\

c. Suing Plaintiff Individually

As additional evidence that defendants purposefully directed their activities at California, plaintiff points to the fact that defendants named plaintiff personally, and not the developer corporation (GIT), in their criminal action.  This fact is of no consequence to the analysis.  Plaintiff was the principal shareholder and owner of GIT (TAC at 5) through which he purchased the land in Panama which formed the basis of the criminal action (id. at 6).  There are any number of reasons why defendants chose to bring the criminal action against plaintiff individually and not his corporation.  But none of them suggest that by doing so defendants purposefully directed their conduct toward plaintiff *in California*.

2.     Other Prongs of Specific Personal Jurisdiction Test

"The plaintiff bears the burden of satisfying the first two prongs of the test...If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state."  Fred Martin Motor Co., 374 F.3d at 802.  Because plaintiff has failed to present any actual evidence of purposeful direction by either defendants, the court does not reach the remaining two factors of the specific personal jurisdiction test.  The court finds that it does not have personal jurisdiction over defendants, and they should therefore be dismissed from this action.

Fees and Costs of Service

Plaintiff, in his opposition to defendants' motion to dismiss, requests reimbursement of the costs and fees he incurred while serving defendants with process in Panama.  Dkt. 268 at 27.  Plaintiff contends that because defendants were served in a manner authorized by California law, he is also entitled to California's fees and costs provision allowing reimbursement if the defendants do not acknowledge receipt of summons.  This position misinterprets the controlling federal law on the issue.  Service of process in this diversity action is governed by the Federal Rules of Civil Procedure, which allow service to be made in a manner prescribed by state law in the state where the district court sits.  See Fed. R. Civ. Pro. 4(e)(1).

Thus, plaintiff was allowed to serve defendants Berrocal and Arosemena in a manner contemplated by California law.  This does not, however, mean that plaintiff may avail himself of all the provisions of California law related to service of process.  Rather, Rule 4(e) narrowly applies to the *manner* in which service is made, e.g., by mail, email, publication, in-hand delivery etc., and not all related state law provisions.

In light of the foregoing, IT IS HEREBY ORDERED that:

1       Plaintiff's request for Judicial Notice is GRANTED in part, and DENIED in part as discussed above.

2       Plaintiff's request for fees and costs is DENIED.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (dkt. 229) be GRANTED and defendants Berrocal and Arosemena be DISMISSED from this action.  These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2013

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

ggh9

13