IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHEPARD JOHNSON,

  Plaintiff,       No. 2:10-cv-1968 GEB GGH PS

 vs.

CHESTER MITCHELL et al.,    ORDER &
                FINDINGS AND RECOMMENDATIONS
  Defendants.

_____/

    Plaintiff proceeds pro se in this action for malicious prosecution. Before the court are defendants Manuel Jose Berrocal ("Berrocal") and Rogelio Arosemena's ("Arosemena") motion to quash and dismiss. Dkt. 229. The matter was heard by the undersigned on January 31, 2013. Present at the hearing were plaintiff, Shepard Johnson, and James Bridgman, appearing for defendants. Having considered the briefing submitted, the parties' oral arguments, the court's record in this matter, and the applicable law, the court FINDS AS FOLLOWS:

BACKGROUND

    Plaintiff, a citizen of California, is a real estate developer who claims that the defendants purchased lots for a planned unit development on an island in Panama. See Third Amended Complaint, Dkt. No. 119 ("TAC") at 2-3. Plaintiff alleges that defendants did not want to be subject to the Conditions, Covenants, and Restrictions ("CC&Rs") for the

1

development, and so rather than settling the matter by way of a contract dispute, defendants "banded together and launched a barrage of deliberate falsehoods, and engaged in wrongful conduct...aimed at upsetting and intimidating him, destroying his reputation and business, disrupting relations with other lot owners, and discouraging prospective purchasers." TAC at 3-4. According to plaintiff, defendants' campaign of defamation was conducted primarily over the Internet. TAC at 4. In particular, plaintiff alleges that defendants "posted in excess of 150 messages on the Internet by and through an account with an internet provider based in California and on sites maintained within the State of California...to attract and solicit fellow conspirators." TAC at 16. Defendants also allegedly initiated criminal proceedings against him in the Panama courts which were purportedly later dismissed, and which are the subject of plaintiff's malicious prosecution and conspiracy claims in this litigation. TAC at 4-6. Plaintiff alleges that he was forced to file for bankruptcy on July 3, 2007 "due in significant part to the false criminal complaints filed by Defendants." TAC at 5.

The TAC contains the following allegations with respect to defendants Berrocal and Arosemena. Arosemena, a Panamanian lawyer, was retained by the property owning defendants in 2005 or 2006 to prepare and file criminal denunciations against plaintiff with the deputy public prosecutor of the Republic of Panama. Berrocal, also a Panamanian lawyer, was hired by the same defendants to negotiate a settlement with plaintiff. TAC ¶ 66. Plaintiff claims that despite his good faith efforts towards settlement, defendants "changed the terms of the settlement," thereby thwarting the parties' efforts. Id. at ¶ 67. Plaintiff alleges that both Berrocal and Arosemena fabricated false evidence in support of the criminal action they initiated against plaintiff and used extortion and leverage from the prosecution to force plaintiff to yield to defendants' demands for title.

\\\\\
\\\\\
\\\\\

2

On October 11, 2012, defendants Berrocal and Arosemena filed a motion to quash and dismiss claiming that they are not subject to the personal jurisdiction of this court.[1] Dkt. 230. In support of their position, both defendants attached affidavits declaring that they have never lived or resided in the United States; have never held United States citizenship, a green card or other immigration document; own no real or personal property in the United States; and have only occasionally traveled to the United States for holidays. Dkts. 231, 232. Defendants further declare that they are both citizens and residents of Panama; admitted to practice law in that jurisdiction where they are partners in their respective law practices; own homes, personal and real property in Panama; are registered to vote; hold driver's licences; and maintain their banking accounts with Panama banks. Id. Finally, defendants declare that their connection to this case involved consulting with Americans in Panama who bought real property there from plaintiff. Id. Defendant Arosemena states that he advised the property owners to request that criminal lawsuits be filed in Panama against plaintiff and that he facilitated the filing of these suits. Dkt. 231. Defendant Berrocal advised the property owners on the validity of the land transactions in which they were engaged under Panamanian law. Dkt. 232. Berrocal did not file any suits against plaintiff but referred the case to a criminal attorney in Panama City. Id. Plaintiff does not dispute any of the facts contained in defendants' declarations.

DISCUSSION

Request for Judicial Notice

Plaintiff requests the court to take judicial notice of four documents: (1) a printout from the website http://www.oas.org/juridico/english/sigs/b-36.html which bears the heading "Department of International Law: Organization of American States, Washington D.C." and contains a partial list of signatory countries to Treaty B-36 (dkt. 269-1 at 15, exh. E); (2) a

---

[1] Because consideration of the personal jurisdiction issue disposes of the claims against these defendants, the court need not reach the merits of defendants' argument on service of process.

3

printout from what appears to be an online article from the SACRAMENTO BUSINESS JOURNAL (dkt. 269-2 at 1, exh. H); (3) a letter from certain American investors to Secretary-General of the Secretariat International Center for the Settlement of Investment Disputes (dkt. 269-2 at 8, exh. I); and (4) a portion of a pleading filed by defendants in the Superior Court of Sacramento (dkt. 269-2 at 20, exh. J).

Although a court generally is confined to the pleadings on a Rule 12(b)(6) motion, it can also consider facts which may be judicially noticed. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evi. 201(b). Consideration of these documents outside the complaint will not convert the motion into a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). As to the first three documents, none of them are the proper subject of judicial notice. They are not public records, nor do they contain facts which are not subject to reasonable dispute. The source of the first document cannot be verified as it appears to simply be a website printout. The second document, which appears to be an online news article from the SACRAMENTO BUSINESS JOURNAL, is merely journalistic reporting on a housing project involving plaintiff. The information contained in the article cannot reasonably be characterized as undisputed fact. The third document is a letter to an international governmental agency advocating the legal position of American investors under Panama law. Again, none of the facts contained therein are reasonably undisputed.

The last document includes the first two pages of a pleading from the Superior Court of California. The court may take judicial notice of this court document without admitting any facts contained therein. See U.S. v. Corinthian Colleges, 655 F.3d 984, 998-999 (9th Cir. 2011) (court may take judicial notice of matters of public record but not of facts that may be subject to reasonable dispute by either party). Therefore, the court notices that this pleading was,

in fact, filed in the Superior Court of California in Sacramento County by defendants Berrocal and Arosemena, but need not admit anything more about its substance.

Personal Jurisdiction

The plaintiff generally bears the burden of establishing the district court's personal jurisdiction over the defendant. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). "A non-resident defendant may be subject to the personal jurisdiction of the court where the defendant has either a continuous and systematic presence in the state (general jurisdiction), or minimum contacts with the forum state such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice' (specific jurisdiction)." Martinez v. Manheim Central California, 2011 WL 1466684, at *1 (E.D. Cal. Apr. 18, 2011) (citing Int'l Shoe Co. v. Washington, 325 U.S. 310, 316 (1945)); see also Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995) (same rule applies to foreign defendants). "Where there is no federal statute applicable to determine personal jurisdiction, a district court should apply the law of the state where the court is located." Id. (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)). "California law requires only that the exercise of personal jurisdiction comply with federal due process requirements." Id. (citing Cal. Civ. Proc. Code § 410.10 and Fred Martin Motor Co., 374 F.3d at 800-01).

General personal jurisdiction exists when the defendant engages in "continuous and systematic general business contacts...that approximate physical presence in the forum state." Fred Martin Motor Co., 374 F.3d at 801. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Id.; see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

Alternatively, "[s]pecific personal jurisdiction exists where a case arises out of forum-related acts." Martinez, 2011 WL 1466684, at *2. The Ninth Circuit utilizes a

5

three-prong test to determine whether specific jurisdiction exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205-06 (9th Cir. 2006), and see Rano v. Sipa Press, Inc., 987 f.2d 580, 588 (9th Cir. 1992) (applying the test to a foreign defendant who was a citizen of Turkey, but a long-time resident of France and only visited California three times in the previous seven years).  "The plaintiff bears the burden of satisfying the first two prongs of the test...If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.  If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." Fred Martin Motor Co., 374 F.3d at 802 (internal citations omitted).

Here, it is clear that this court cannot exercise general jurisdiction over either defendants Berrocal or Arosemena because they do not have the requisite continuous and systematic contacts with California that approximate a physical presence.  Rather, plaintiff claims that the court has specific personal jurisdiction over defendants Berrocal and Arosemena.  The court therefore proceeds to analyze plaintiff's claim under the Ninth Circuit's three-prong test for specific personal jurisdiction. Yahoo! Inc., 433 F.3d at 1205-06.

1. Purposeful Direction

Under the first prong, a plaintiff "must establish that [the defendant] either purposefully availed himself of the privilege of conducting activities in California, or purposefully directed his activities toward California...A purposeful availment analysis is most

6

often used in suits sounding in contract...A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." <u>Fred Martin Motor Co.</u>, 374 F.3d at 802; <u>see also</u> <u>Yahoo! Inc.</u>, 433 F.3d at 1206.  Here, given plaintiff's tort claims of malicious prosecution and civil conspiracy to commit malicious prosecution, plaintiff correctly asserts that a purposeful direction analysis should be utilized in this case.  Indeed, neither of defendants Berrocal or Arosemena entered into a contract or conducted business in California, and they received no benefit, privilege, or protection from California that would be susceptible to a purposeful availment analysis.  Accordingly, a purposeful direction analysis is appropriate.

        The Ninth Circuit evaluates purposeful direction under the three-part "effects" test outlined in the U.S. Supreme Court's decision in <u>Calder v. Jones</u>, 465 U.S. 783 (1984). <u>Fred Martin Motor Co.</u>, 374 F.3d at 803; <u>Yahoo! Inc.</u>, 433 F.3d at 1206.  In <u>Calder</u>, the plaintiff sued Florida-based defendants in a California court claiming that she had been libeled in an article written and edited in Florida and then published in a national magazine with a large circulation in California.  <u>Calder</u>, 465 U.S. at 784.  In finding that the California court had personal jurisdiction over the Florida defendants, the U.S. Supreme Court explained that:

> The alleged libelous story concerned the California activities of a California resident.  It impugned the professionalism of an entertainer whose television career was centered in California.  The article was drawn from California sources, and the brunt of the harm...was suffered in California.  In sum, California is the focal point both of the story and of the harm suffered.  Jurisdiction over [the defendants] is therefore proper in California based on the "effects" of their Florida conduct in California.

<u>Id</u>. at 788-89.  The Supreme Court further stated that the defendants knew that the article would have a devastating impact upon plaintiff in California, given that she lives and works there and that the magazine has its largest circulation in that state.  <u>Id</u>. at 789-90.

        Thus, "Calder stands for the proposition that [the first prong of the test for specific jurisdiction] is satisfied even by a defendant whose only contact with the forum state is the purposeful direction of a foreign act having effect in the forum state." <u>Fred Martin Motor Co.</u>,

7

374 F.3d at 803 (internal citations omitted).  To find purposeful direction under Calder, the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id.; see also Yahoo! Inc., 433 F.3d at 1206.

Plaintiff essentially points to three contacts by the defendants which show that their actions were purposefully directed to the forum state: (1) the filing of a criminal action in Panama against plaintiff, whom defendants were aware was living and working in California, (2) emails the defendants sent to plaintiff in California; and (3) defendants' choice to sue plaintiff individually rather than pursue the development corporation plaintiff owns, Grupo Islas Tropicales ("GIT").

        a.     Criminal Action in Panama

Plaintiff essentially argues that purposeful direction is shown by the intentional acts of both defendants in participating in the filing of a criminal action in Panama against plaintiff.  See Dkt. 268.  At hearing, plaintiff argued that the action was purposefully directed towards California because the focal point of the criminal action was a personal attack on plaintiff who resided in California, derived income, kept offices, and maintained his real estate career there — all of which defendants were supposedly aware.  Id.

The fact that plaintiff's personal and business contacts revolved around California and defendants were, or should have been, aware of such circumstance, does not rise to the level of showing that defendants expressly aimed their conduct at California so as to establish the requisite minimum contacts.  Despite plaintiff's assertions to the contrary, the focal point of the criminal action against him was the land in Panama for which plaintiff was responsible for developing.  That plaintiff may have suffered resulting damages in California is not a sufficient benchmark for exercising personal jurisdiction.  See Burger King Corp. V. Rudzewicz, 471 U.S. 462, 474 (1985) (foreseeability of injury is not sufficient to establish the requisite minimum contacts).  Indeed, the Ninth Circuit has required "something more" than mere foreseeability in

8

order to justify personal jurisdiction, which includes conduct expressly aimed at the forum. Brayton Purcell LLP v. Recordon, 606 F.3d 1124, 1129 (9th Cir. 2010).  Defendants' mere awareness of plaintiff's residence and from where he conducted a portion of his business operations certainly does not amount to an express aim at California.

Plaintiff cites to various Ninth Circuit authorities holding that the express aiming requirement is satisfied when the defendant individually targeted a known forum resident in support of his position that defendants' criminal activity was expressly aimed at California,. See e.g. Bancroft & Masters, Inc., 223 F.3d at 1087, Calder, 465 U.S. at 788-89, Sinatra, 854 F.2d at 1197, Panavision v. Toeppen, 141 F.3d 1316, 1322 (9th Cir.)  However, in each of these cases, the defendant's wrongful conduct has individually targeted the plaintiff's business, activities, or presence in California.

In Bancroft & Masters, Inc., the plaintiff was a small California company that had registered an Internet domain name.  Bancroft & Masters, Inc., 223 F.3d at 1084.  The Georgia-based defendant sent a letter to the official domain name registrar in Virginia, challenging the plaintiff's use of that domain name.  Id. at 1085.  Subsequently, the plaintiff sought a declaratory judgment against the defendant in a California district court to establish ownership of the domain name.  Id.  The Ninth Circuit ultimately concluded that personal jurisdiction existed over the defendant, even though the letter was never sent to California.  Id. at 1085, 1087-88.  It reasoned that the letter was expressly aimed at California, because it individually targeted plaintiff's business in California.  Id. at 1088.  This is because the letter triggered the registrar's dispute resolution procedures, which forced plaintiff to either bring suit or lose control of its website.  Id. at 1085, 1087.  Thus, the letter was sent "for the very purpose of having [its] consequences felt" on the plaintiff's business in California.  Id. at 1088.

It is true that Calder stands for the proposition that the purposeful direction prong of the test for specific jurisdiction could be satisfied where a defendant's only contact with the forum state is the effect in that state of defendant's purposeful act.  Fred Martin Motor Co., 374

1  F.3d at 803.  However, the facts of that case remain very distinct from the instant litigation.
2  There, as the Supreme Court noted, the tortious conduct concerned the California activities of a
3  California resident whose entire career was centered in California.  <u>Calder</u>, 465 U.S. at 788-89.
4  Defendants' conduct in initiating criminal action concerns the Panamanian real estate
5  development activities of plaintiff and his "related corporation" GIT, which exists and is
6  incorporated under the laws of Panama and has its principle place of business there.  <u>See</u> TAC at
7  5.

8       The court in <u>Sinatra</u> considered the "economic reality of the defendant's activities
9  that form the basis for the assertion of jurisdiction."  <u>Sinatra v. National Enquirer, Inc.</u>, 854 F.2d
10 1191, (9th Cir. 1988).  As plaintiff correctly points out, the court found that defendant's tortious
11 conduct was properly viewed "as an event within a sequence of activities designed to use
12 California markets for the defendant's benefit."  <u>Id</u>. at 1197.  In particular, defendant participated
13 in conduct which allowed or promoted the transaction of business in the forum state.  <u>Id</u>.  Indeed,
14 it created, controlled, and actively used a reservation system that brought customers from the
15 forum state to Switzerland.  <u>Id</u>.  Plaintiff can point to no such activity on the part of defendants
16 here.  The fact that plaintiff resides in and conducts some of his business in California is entirely
17 incidental and without consequence to defendants' actions in Panama.  In other words,
18 defendants' conduct in initiating criminal action against plaintiff would remain the same
19 regardless of where plaintiff resided.

20      While the court in <u>Panavision</u> noted that the forum state (California) was where
21 plaintiff felt the most harm from defendant's conduct, it was also where plaintiff's principal
22 place of business was located along with the epicenter of the motion picture and television
23 industry.  <u>Panavision</u>, 141 F.3d at 1321-22.  It was that particular industry at which defendant
24 aimed to purposefully direct his conduct.  <u>Id</u>.

25      Here, by contrast, the criminal action defendants initiated in Panama did not
26 individually target the plaintiff's business or activities *in California*.  It may very well be true that

defendants' conduct was a personal attack against plaintiff (see dkt. 268 at 9), but it was not centered on plaintiff *in California*. The action was filed in Panama, concerned a Panama property dispute, and challenged plaintiff's activities (which he conducted through his Panamanian business) *in Panama*, not his business activities in California. Plaintiff may have been a resident of any state; defendants' actions would be exactly the same. By filing and prosecuting the criminal action, defendants allegedly targeted plaintiff with respect to his property development and reputation in Panama, not California. Therefore, Panama was the focal point of the litigation, and any resultant harm suffered in California is incidental. As the Ninth Circuit observed in Fred Martin Motor Co.:

> It may be true that Fred Martin's intentional act eventually caused harm to Schwarzenegger in California, and Fred Martin may have known that Schwarzenegger lived in California. But this does not confer jurisdiction, for Fred Martin's express aim was local.

Fred Martin Motor Co., 374 F.3d at 807. In light of the above, the court concludes that defendants' criminal action against plaintiff in Panama was not expressly aimed at California. Accordingly, it does not support a finding of purposeful direction.

### b. Emails to Plaintiff

Plaintiff points to defendants emailing him communications in California as purposeful direction at the forum state. Dkt. 268 at 9. As the court pointed out at hearing, however, plaintiff's position proves too much. If personal jurisdiction could be established by merely sending an email to anyone, anywhere, the bounds of personal jurisdiction would be nearly limitless. This is particularly true in light of the mobility of email. Regardless of plaintiff's physical location, he can access his email nearly anywhere in the world and the email addresses itself is not location-specific as physical mailing addresses are. Accordingly, the fact that defendants emailed plaintiff in California is not sufficient to establish purposeful direction under the specific personal jurisdiction analysis.

\\\\\

          c. Suing Plaintiff Individually

As additional evidence that defendants purposefully directed their activities at California, plaintiff points to the fact that defendants named plaintiff personally, and not the developer corporation (GIT), in their criminal action. This fact is of no consequence to the analysis. Plaintiff was the principal shareholder and owner of GIT (TAC at 5) through which he purchased the land in Panama which formed the basis of the criminal action (id. at 6). There are any number of reasons why defendants chose to bring the criminal action against plaintiff individually and not his corporation. But none of them suggest that by doing so defendants purposefully directed their conduct toward plaintiff *in California*.

       2.      Other Prongs of Specific Personal Jurisdiction Test

"The plaintiff bears the burden of satisfying the first two prongs of the test...If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." Fred Martin Motor Co., 374 F.3d at 802. Because plaintiff has failed to present any actual evidence of purposeful direction by either defendants, the court does not reach the remaining two factors of the specific personal jurisdiction test. The court finds that it does not have personal jurisdiction over defendants, and they should therefore be dismissed from this action.

     Fees and Costs of Service

Plaintiff, in his opposition to defendants' motion to dismiss, requests reimbursement of the costs and fees he incurred while serving defendants with process in Panama. Dkt. 268 at 27. Plaintiff contends that because defendants were served in a manner authorized by California law, he is also entitled to California's fees and costs provision allowing reimbursement if the defendants do not acknowledge receipt of summons. This position misinterprets the controlling federal law on the issue. Service of process in this diversity action is governed by the Federal Rules of Civil Procedure, which allow service to be made in a manner prescribed by state law in the state where the district court sits. See Fed. R. Civ. Pro. 4(e)(1).

1  Thus, plaintiff was allowed to serve defendants Berrocal and Arosemena in a manner
2  contemplated by California law.  This does not, however, mean that plaintiff may avail himself of
3  all the provisions of California law related to service of process.  Rather, Rule 4(e) narrowly
4  applies to the *manner* in which service is made, e.g., by mail, email, publication, in-hand delivery
5  etc., and not all related state law provisions.

6  In light of the foregoing, IT IS HEREBY ORDERED that:
7  1   Plaintiff's request for Judicial Notice is GRANTED in part, and DENIED
8      in part as discussed above.
9  2   Plaintiff's request for fees and costs is DENIED.

10  IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (dkt. 229)
11  be GRANTED and defendants Berrocal and Arosemena be DISMISSED from this action.  These
12  findings and recommendations are submitted to the United States District Judge assigned to this
13  case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served
14  with these findings and recommendations, plaintiff may file written objections with the court.
15  The document should be captioned "Objections to Magistrate Judge's Findings and
16  Recommendations."  Plaintiff is advised that failure to file objections within the specified time
17  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
18  Cir. 1991).
19  DATED: February 14, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh9